## VAN HORN, Respondent, v.. SIMPSON et al., Appellants.

### (153 N. W. 883.)

(File No. 3683.    Opinion filed July 24, 1915.    Rehearing denied
August 7, 1915.)

1. **Evidence—Personal Injuries—Exhibition of Injured Limb, Competency.**

In a suit for personal injuries, held, that the trial court, in permitting exhibition of plaintiff's injured limb to the jury, in connection with testimony by the physician who treated the injury to the time of trial, that the then present injury was the result of the accident, did not commit error.

2. **Trial—Evidence—Witnesses—Party,    Examination    by    Adverse Party—Statute.**

To permit plaintiff to examine defendant as an adverse party under Laws 1909, Ch. 71, authorizing such adverse examination as if under cross-examination, is matter largely in discretion of trial court, and, where no abuse appears, such ruling will not be reviewed.

3. **Negligence—Personal Injury—Joint Liability—Sufficiency of Evidence.**

In an action for personal injury caused by plaintiff's team running away and throwing him out of wagon, in consequence of defendants having negligently ran an automobile against a whiffletree of the wagon and scaring plaintiff's horses, held, that, it appearing that defendant A. owned and drove the auto, defendant B. being with him in the car, defendants being copartners in a business which they were pursuing at the time, the evidence was sufficient to support a verdict against defendants jointly.

4. **Negligence—Imputed Negligence—Injury by Automobile Driving—Joint Liability of Partners—Automobile Owner as Agent of Partner—Instruction.**

Defendants being copartners, and riding in an automobile owned and driven by one, both being engaged in partnership business at the time, held, in an action for personal injury caused by negligently driving the auto against plaintiff's wagon and scaring his horses, that the owner's partner was not a passenger, nor a gratuitous guest of the other partner, and both were jointly participants in the alleged negligence; that, as a member of the partnership, the auto owner was the agent of his copartner; and the instruction to the jury on this head, though not so clear and definite as it might have been, submitted the question of joint liability so as to establish the law of the case under the general rule.

5. **Appeal—Error—Error Favoring Appellant—Evidence—Instructions.**

Erroneous rulings of trial court, relating to evidence, or to instructions, will not be reviewed where such errors favored appellant.

Whiting, J., dissenting.

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by Winfield S. Van Horn against Duke Simpson and another, to recover for personal injuries from negligence. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*W. W. Howes,* and *Null & Royhl,* for Appellants.

*A. W. Wilmarth,* for Respondent.

The instructions of the court to the jury on the question of joint liability, were as follows:

"The plaintiff to recover must recover upon the negligence of the defendants or one or the other of them and the negligence of defendants must have been the proximate cause of the injury.

"The court further instructs the jury that notwithstanding the plaintiff has alleged in his complaint joint and concurrent negligence on the part of both of the defendants, I charge you that if the proof fails to show such joint and concurrent negligence on the part of both defendants, yet shows negligence on the part of one of the defendants, which negligence resulted in injury to the plaintiff as the sole and proximate cause thereof, then you may find a verdict against such defendant as the proof shows was guilty of such negligence. A passenger in an auto who has nothing to do with the driving or who committs no act of negligence is not liable for the negligent act of the driver or any other person unless he himself contributes to or was guilty of negligence. The fact that he was interested with the driver in the purpose for which the trip was taken would not necessarily make him liable.

"So if the defendant, Duke Simpson, was not guilty of any negligence and if you find that the preponderance of the evidence does not show that he was guilty of any negligence which caused the injury of the plaintiff, he would not be liable simply because the other defendant, Peter Anderson, and he were jointly interested in a land deal, which they were tending to on the trip.

"The driver, on the other hand, is not responsible for negli-

gence of passengers unless he authorizes or sanctions such negligence."

(1) Under point one of the opinion, Appellant submitted that: The condition of the limb was not the result of the injury entirely, but was due to varicose veins.

In view of the fact that the limb as exhibited showed conditions not resulting from the injury, it was error for the court to permit the member to be exhibited to the jury.

Respondent submitted that: While the evidence of physicians admitted that the leg at the time shown to the jury did not show the primary injury thereto, they did testify that the primary injury to the leg produced the condition existing thereon at the time it was submitted to the jury.

(3) Under point three of the opinion, Appellant submitted that: The evidence is insufficient to justify the verdict against Duke Simpson.

The testimony shows that at the time of the accident, he was a passenger.

There is no evidence of the joint negligence as between the defendants, except that defendants were interested jointly in a land deal and that they were taking the trip for the purpose of a prospective trade. This is not sufficient to bind defendants jointly.

Respondent submitted that: Duke Simpson contributed by a concurrent act to the injury of the plaintiff, and he was jointly acting with his co-defendant, and co-partner, in the prosecution of a joint enterprise for their mutual benefit at the time the injury resulted to plaintiff; and cited: Vol. 29, Cyc., 487; Meadows v. Truesdell, (Tex. Civil App.) 56 S. W. 392; Hocksworth v. Thompson, 98 Mass. 77, 93 Am. Dec. 137; Consolidated Ice Mach. Co. v. Keeffer, 134 Ill. 481.

(4) Under point four of the opinion, Appellant submitted that: The court's instructions are the law of the case unless excepted to and appealed from. Crane v. Ry. Co., (Iowa) 37 N. W. 397; Aultman & Co. v. Reams, (Neb.) 4 N. W. 81; Roehr v. Ry. Co., 72 N. W. 1804.

Respondent submitted that: That part of the charge from which the jury had a right to hold Duke Simpson with Peter Anderson, is as follows:

"A passenger in an automobile who has nothing to do with

the driving or who commits no act of negligence, is not liable for the negligent act of the driver, or any other person, unless he himself contributes, or is guilty of negligence. The evidence that he was interested with the driver in the purpose for which the trip was taken, would not necessarily make him liable," and that part commencing with "that notwithstanding the plaintiff has alleged," etc.

McCOY, P. J. About November 12, 1910, plaintiff claimed that while he was driving a team of horses attached to a farm wagon, upon a public highway, the defendants, acting jointly, so negligently operated and managed an automobile that the same came in contact with said team and vehicle, thereby frightening and scaring said horses, causing them to become unmanageable and run away, violently throwing plaintiff from said wagon upon the ground and running over and thereby violently injuring him. There was verdict and judgment for plaintiff against both defendants jointly, and defendants appeal, assigning errors at law occurring on the trial, and insufficiency of the evidence to sustain the verdict.

[1] Appellant urges that the court erred in overruling the objection to the exhibition of plaintiff's injured limb to the jury. The physician who treated plaintiff's injury from its occurrence to the time of trial testified that the then present injury was the result of the accident. We are of the view that no error was committed in permitting the jury to view the injured leg.

[2] Appellant also urges that the court erred in permitting the plaintiff to examine the defendant Simpson as an adverse party under the statute. This was a matter largely in the discretion of the trial court, and no abuse of such discretion appears.

[3, 4] Appellant contends that the evidence is insufficient to justify a verdict against defendants jointly, and is especially insufficient to sustain a verdict against defendat Simpson. We are of the view that this contention is not tenable. It appears from the evidence that defendant Anderson was the owner of and was driving the automobile, and that defendant Simpson was in the car with him at the time of the accident; that the automobile approached plaintiff from behind, and in running around plaintiff's wagon and team at a rapid speed the auto came in contact with the whippletree, pushing the same upon the rump of the horse.

Respondent testified that his horses were walking when the auto swung around them; that the pushing of the whippletree upon the horse made them jump; that the auto was crowded in close to their heads and crowded them off the grade into the ditch. The testimony also shows that these two defendants at the time in question were copartners in the real estate business, and that this auto was then transporting both defendants in the prosecution of such copartnership business; that it was then being used as an instrument for the benefit and within the scope of the partnership business; that Simpson was not a passenger or gratuitous guest of Anderson in said car, but was a party interested in the purpose and business in which such car was then being operated. We are of the view that this testimony tended to make both appellants joint participants in the alleged negligence. Under such circumstances the appellant Simpson, by imputation, was liable for the negligent acts of Anderson. As a member of such copartnership Anderson was the agent of Simpson. Judge v. Wallen (Neb.) 152 N. W. 318; Koplitz v. St. Paul, 86 Minn. 373, 90 N. W. 794, 58 L. R. A. 74. We are of the view that the instruction of the court on this proposition, although not so clear and definite as it might have been, submitted to the jury the question of joint liability, and that as so submitted it did not establish the law of this case to be otherwise than the general rule.

[5] It is apparent from the record that errors were committed in the reception and rejection of testimony and in instructions, but such erroneous rulings and instructions were in favor of appellants, and cannot now be used as a basis of reversal of judgment. We are of the view that the evidence was sufficient to sustain the verdict and judgment against both defendants jointly.

The judgment and order appealed from are affirmed.

WHITING, J., dissenting.