FIRST STATE BANK OF WOOD, Respondent, v. ANDERSON et al, Appellants.

(191 N. W. 339.).

(File No. 5101.    Opinion filed December 12, 1922.)

1.  **Courts — Settled Record — Amendments — Court May Settle or Amend Record After Term at Which Case Was Tried.**

    The court may settle or amend a record after the term at which the case was tried where the trial judge has personal knowledge of the facts and the amendment is not based upon parol evidence alone.

2.  **Trials—Instructions—Conspiracy—In Action Against Husband and Wife, Instruction Sufficient to Caution Jury that Wife Was Not Bound by Declaration of Husband in Her Absence Unless in Furtherance of Common Design.**

    In an action against husband and wife to recover money obtained by fraudulent representations, in which testimony as to declarations by husband in wife's absence was admitted in evidence, instructions held sufficient to caution jury that the wife was not bound by any act or conversation of the husband in her absence, unless such acts or conversations were in furtherance of a common design on the part of both husband and wife to cheat and defraud plaintiff.

3.  Money Received—Evidence—Evidence that Cattle in Certain Vicinity Had Fatal Disease Not Competent to Prove that Mortgagors Had Number Represented When Mortgage Executed.

    In an action to recover money obtained by fraudulent representations as to number of head of cattle owned by defendants on which defendants executed chattel mortgage to secure payment of money obtained from plaintiff, testimony that during the winter large numbers of cattle in the vicinity of the defendant's cattle were afflicted with and died from a fatal and infectious disease held not competent to prove that defendants at time of execution of mortgage in fact owned the number of head of cattle represented, and not merely the number rounded up.

4.  Evidence — Chattel Mortgages — Evidence that Mortgagor Sold Number of Hides Not Competent to Prove that He Owned the Number of Cattle Represented at time of Execution Instead of Merely the Number Rounded Up.

    In mortgagee's action to recover money obtained by false representations as to number of cattle covered by a mortgage securing payment of loan, evidence that mortgagor had sold a large number of hides during the winter was not competent to prove that mortgagor in fact had the number of head of cattle represented instead of the few cattle rounded up, in the absence of a showing that any of the hides sold by him were taken from the cattle described in the mortgage.

5.  Witnesses—Cross-examination—Trial — Evidence — Greater Latitude Allowed in Cross-examination Under Statute Than in Ordinary Cross-examination.

    Greater latitude is allowed in cross-examination of adverse witnesses under Rev. Code 1919, Sec. 2714, than in the ordinary cross examination because in the ordinary cross-examination the examiner is limited to matters brought out on the examination in chief, while in cross-examination under the statute the examiner may go into any of the issues presented by the pleadings.

6.  Witnesses—Refusal to Permit Defendant to Call Officers of Plaintiff Corporation for Cross-Examination Under Statute Where Defendant Had Previously Cross-examined Witnesses Held Not Error.

    Refusal to permit defendant to call officers of plaintiff corporation to the stand and cross-examine them as adverse witnesses, under Rev. Code 1919, Sec 2714, held not error where such officers had previously testified for plaintiff and at such time had been cross-examined by defendant.

Appeal from Circuit Court, Mellette County; Hon. N. D. Burch, Judge.

Action by the First State Bank of Wood against Martin Anderson and another. From judgment for plaintiff and from order denying motion for a new trial, the defendants appeal. Affirmed.

*P. A. Hosford,* of Winner, for Appellants.

*G. M. Caster,* of Lake Andes, and *C. F. Manson,* of White River, for Respondent.

(1) To point one of the opinion, Appellant cited: Bank of Kingfisher v. Smith (Okla.), 35 Pac. 955.

Respondent cited: Gorman v. Madden, 37 S. D. 42, 156 N. W. 598; Garbush v. Firey (N. D.), 156 N. W. 537; Greff v. Fickey, 30 Md. 75.

POLLEY, J.  This action was brought for the recovery of money alleged to have been obtained by false and fraudulent representations. The defendants answered separately. The defendant Martin Anderson admitted having obtained the money from plaintiff and consented that judgment be taken against him' for the amount claimed due, but denies that he made any misrepresentations to procure the money. The defendant Caroline Anderson by a separate answer denies that she made any misrepresentations, or that she obtained any money from the plaintiff, or that she was a party to the transaction involved. Plaintiff had judgment against both defendants, and both defendants appeal.

The first ground on which appellant seeks a reversal of the judgment is that the judge who presided at the trial did not settle the instructions to the jury in the presence of the court reporter as required by trial court rule No. 26; that he thereafter amended the transcript so as to show the manner in which the instructions were given; that said amendment was based on oral testimony, and was not made until after the end of the term of court at which the case was tried. It is not claimed that the record as amended is not strictly in accord with the facts as they occurred at the trial, but that it was not proper to make such amendments upon parol evidence. Appellants' contention is not borne out by the record. While the motion to amend was supported by the affidavit of respondent's counsel, such affidavit set out only such proceedings as took place in the immediate presence of the court and of which the presiding judge had personal knowledge independent of such affidavits. The situation is not at all analogous

to that presented in Bank v. Smith, 2 Okl. 6, 35 Pac. 955, cited and relied upon by appellant. In that case the judge who presided at the trial resigned before the record was settled. The record was then presented to his successor in office, who had no knowledge of the proceedings in the case except as appeared from affidavits submitted by appellants. In passing upon the manner in which the record had been settled the Supreme Court said:

"It may be stated as an established rule that while parol evidence is admissible to aid in determining whether an amendment to a bill of exceptions is proper, an amendment cannot be made upon parol evidence alone, and the courts are more cautious and careful in ordering amendments of bills of exceptions than in ordering amendments to other parts of the record."

But this does not apply to cases where the court has independent personal knowledge of the contents of the record.

[1] We know of no statute or rule of practice that prevents a trial court from settling or amending a record after the expiration of the term of court at which the case was tried.

At the trial the court over objections made on behalf of Caroline Anderson received in evidence a renewal mortgage executed by Martin Anderson alone, and certain conversations had with him in the absence of Caroline Anderson. The trial court also refused the request of Caroline Anderson to admonish the jury that this evidence could not be considered as against her. Neither the original nor the renewal notes or mortgages were signed by Caroline Anderson, and it is her theory that she is not liable. On the other hand, it is the theory of the plaintiff that Caroline Anderson was a party to the alleged fraud by which the money was obtained, that she received a considerable portion thereof, and that she is equally liable with the defendant Martin Anderson.

The question of Caroline Anderson's participation in the alleged fraud was submitted to the jury on conflicting evidence and upon the following instructions to the jury:

"The material allegations of the complaint are that the plaintiff made the loans as claimed; that it was induced to make such loans by the false and fraudulent representations of the defendants; that defendants knew such representations were false; that the plaintiff believed them to be true and relied upon them and would not have made the loans but for such representations.

"The burden is upon the plaintiff to prove the false and fraudulent representations claimed to have been made by Caroline Anderson by a preponderance of the evidence, and, unless you find that plaintiff has so proven its case as against the said Caroline Anderson, your verdict should be for her. If you should find that the plaintiff has, however, proven such false and fraudulent representations claimed to have been made by the said Caroline Anderson or with her knowledge and connivance by a fair preponderance of the evidence, and that the bank relied upon and acted upon such statement, then you will find in favor of the plaintiff and against said defendant Caroline Anderson for the sum of $13,000, with interest thereon at the rate of 12 per cent per annum from the 17th day of December, 1919."

[2] These instructions were sufficient to caution the jury that Caroline Anderson was not bound by any act or conversation of Martin Anderson in her absence unless said acts or conversations were in furtherance of a common design on the part of both defendants to cheat and defraud the plaintiff. Upon this point the jury found by special verdict that Caroline Anderson did by fraudulent statements and misrepresentations procure money from the plaintiff.

[3, 4] Another ground upon which appellant seeks reversal is the refusal of the trial court to allow appellants to show that during the winter of 1919-1920 large numbers of cattle in the vicinity of defendants' cattle were afflicted with and died from a fatal and infectious disease that was then prevalent in that vicinity. The reason for offering this testimony was that at the time defendants procured the money from plaintiff Martin Anderson claimed to be the owner of 371 head of cattle and gave to plaintiff a chattel mortgage thereon to secure the payment of the money obtained from plaintiff. Later on said cattle were rounded up, when it was found that there were less than 100 head. Plaintiff claims this is all the cattle defendant owned at the time he executed the chattel mortgage, while the defendants claim that Martin Anderson did actually own 371 head of cattle at the time the mortgage was executed, but that the greater part of them died during the following winter. Under the circumstances disclosed by the record in this case this evidence was not competent to prove that the defendants had the said number of cattle at said

time.  It is claimed by defendants that their cattle were running
in a pasture where they were seen frequently and sometimes
daily, and if they had died in any considerable numbers, the dead
ones could have been counted and the exact, or at least approxi-
mate, number ascertained.  It was not necessary or competent to
show the loss of these cattle by proving the existence of an epi-
demic among cattle in that vicinity.  The trial court also refused
to let defendant show the loss of the cattle by proving that the
defendant Martin Anderson sold a large number of hides during
that winter.  This evidence was properly excluded.  It was not
shown that any of the hides sold by him were taken from the
cattle described in the mortgage or that they bore the same brands
that were on the cattle described in the mortgage.

[5, 6]  As a part of its main case plaintiff called its officers
to the stand as witnesses.  They were examined by plaintiff's
counsel and cross-examined by defendants' counsel.  After plaintiff
had rested and after defandants had examined their witnesses, de-
fendants undertook to call the officers of the plaintiff back to the
stand and cross-examine them as adverse witnesses under the
provisions of section 2714, Code 1919.  Upon objection by plain-
tiff the trial court refused to permit such examination.  This rul-
ing of the court is strenuously urged by appellants as error.  Ap-
pellants were not prejudiced by this ruling.  It is admitted by
appellants that these witnesses had been cross-examined while
they were on the stand as witnesses for plaintiff.  It is not claimed
by appellants that any new matter had arisen since they had been
on the stand before, nor that the examination would be at all
different from what it had been before.  What new matter ap-
pellants expected to bring out is not disclosed.  In fact, there is
nothing to indicate that the cross-examination would be other than
a repetition of the cross-examination already in the record.  It is
true that a greater latitude is allowed in cross-examination under
the statute than in the ordinary cross-examination, because in the
ordinary cross-examination the examiner is limited to matters
brought out on the examination in chief; while in cross-examining
under the statute the examiner may go into any of the issues
presented by the pleadings; but in this case it was not suggested
by appellants that they wished to bring out any matter that was
not already in the record.  The statute was not intended to au-

thorize the cumbering of the record with the repetition of a cross-examination already in the record.

We have examined the other assignments by appellants, and fail to find anything prejudicial to appellants or that merits special consideration.

The judgment and order appealed from are affirmed.

Note—Reported in 191 N. W. 339. See American Key-Numbered Digest, (1) Courts, Key-No. 116(4), 15 C. J. Sec. 396; (2) Trial, Key-No. 235(6), 38 Cyc. 1756; (3) Money Received, Key-No. 18(2), 27 Cyc. 883; (4) Evidence, Key-No. 117, 22 C. J. Sec. 92; (5) Witnesses, Key-No. 276, 40 Cyc. 2508, 2509; (6) Witnesses, Key-No. 276, 40 Cyc. 2493.