CITIZENS' STATE BANK, Appellant, v. BAILEY et al,
(Church, Intervener), Respondents.

(195 N. W. 37.)

(File No. 5232.    Opinion filed September 25, 1923.)

1.  Pleading—Variance—Waiver—Chattel Mortgages—Agister's Liens
    —No Fatal Variance from Evidence of Express Waiver by
    Mortgagee Subsequent to Time Agister Alleged It Was Agreed
    He Should Have Superior Lien.

    In view of Rev. Code 1919, Sec. 2363, requiring liberal con-
    struction of pleading, some evidence of authorization by mort-
    gagee of pasturing cattle with agister at time agister pleaded
    agreement was made for superiority of agister's lien, and the
    fact that mortgagee did not claim surprise because of the al-
    leged variance, and that it does not appear mortgagee's rights
    were prejudiced thereby, held, there was no fatal variance in
    allowing evidence of express waiver of mortgage lien in favor
    of agister's lien some time subsequent to the date when agister
    pleaded mortgagee agreed that agister's lien should be superior.

2.  Witnesses—Cross-Examination—Adverse Witness—No Abuse of
    Discretion in Permitting Calling by Intervener of Plaintiff's
    Officer for Cross-Examination Under Statute, Notwithstanding
    Prior Ordinary Cross-Examination.

    Though plaintiff's officer had been a witness for it, and had
    been then cross-examined by intervener, held, it was not an
    abuse of discretion to permit intervener to thereafter call him,
    as an adverse witness, as if for cross-examination, under Rev.
    Code 1919, Sec. 2714.

3.  Trial—Instructions—Witnesses—Instruction as to Disregarding
    All Testimony of Witness Believed to Have Testified Falsely
    at All Held to Encroach on Jury's Province.

    An instruction that, if the jury believe a witness knowingly
    testified falsely to any material matter, they are at liberty to
    disregard his entire testimony, "except where such witness is
    corroborated by other competent testimony," is objectionable,
    not only by reason of the words "competent testimony," but,
    with the word "evidence" substituted therefor, would still tech-
    nically encroach on the province of the jury, and should, in
    place of the quoted words, conclude "in so far as you believe
    it to be false."

4.  Trial — Instructions — Jury — Viewing Objectionable Instruction
    with Rest of Charge, Jury. Could Not Have Misunderstood Its
    Province as to Rejecting Testimony of Witness Testifying
    Falsely in Part.

    Though an instruction on disregarding the entire testimony
    of a witness believed by the jury to have testified falsely to

any material matter encroached on its province, held, that, viewing it with the other instructions as a ' whole, the jury could not have misunderstood its province.

Appeal from Circuit Court, Fall River County, Hon. WALTER G. Miser, Judge.

Action by the Citizens' State Bank against L. D. Bailey and others, with H. L. Church intervening. From a judgment for intervener, and an order denying new trial, plaintiff appeals. Affirmed.

*Helm & Lewis,* of Hot Springs, for Appellant.

*Thos. E. Eastman,* of Rapid City, and *Chas. S. Eastman,* of Hot Springs, for Respondent.

(1)   To point one of the opinion, Appellant cited:  21 R. C. L. 608; Montezuma v. Wilson (Ga.), 9 S. E. 17; 9 Cyc. 750-751; 9 Cyc. 748; LaClede Const. Co. v. Tudor Iron Works (Mo.), 69 S. W. 384; Mooneyham v. Calla, 81 Ind. 406; Baltimore, etc., Ry. Co. v. Skeels, 3 W. Va. 556; Sumrell & McCoy v. Calt Co. (N. C.), 62 S. E. 619; Green v. Lumber Co. (Ala.), 50 So. 917; Walker v. Bohannon (Mo.), 147 S. W. 1024; Barber v. Implement Co. (Mo.), 111 S. W. 846; Jenkins v. Clopton (Mo.), 121 S. W. 759; Stuart v. Calahan (Tex.), 142 S. W. 60; Bagley v. Brack (Tex.), 154 S. W. 247; Paris v. Strong, 51 Ind. 339; Milburn v. Phillips, 136 Ind. 695, 34 N. E. 983; Boardman v. Griffin, 52 Ind. 101; Terry v. Shivley, 64 Ind. 106; McConnell v. Bank, 130 Ind. 127, 27 N. E. 616; Sanders v. Hartge, 17 Ind. App. 243, 46 N. E. 604.

Respondent cited:  21 R. C. L., pp. 608-609; Rev. Code 1919, Sec. 2326; Westphal v. Nelsen, 25 S. D. 100; First National Bank v. Messner, 25 N. D. 263, 141 N. W. 999; Jeansch v. Lewis, 1 S. D. 609.

(2)   To point two, Respondent cited:  Rev. Code 1919, Sec. 2714; First State Bank v. Anderson (S. D.), 191 N. W. 339; Van Horn v. Simpson, 35 S. D. 640; Lanford v. Issenhuth, 28 S. D. 451.

(3)   To point three, Appellant cited:  Hurlburt v. Leper (S. D.), 81 N. W. 632; Pherrin v. Jones (N. D.), 65 N. W. 685; State v. Goodnow, 170 N. W. 661; Havill v. State (Okla.), 121 Pac. 793; Comp. Laws 1909, Sec. 6857; Rea v. State, 3 Okl. Cr.

269, 105 Pac. 381; Shellbarger v. Nufus, 15 Kan. 554; Gantling v. State (Fla.), 23 So. 857; Dell v. Oppenheimer (Nebr.), 4 N. W. 51; Young v. Pritchett (Nebr.), 6 N. W. 414; Frieberg v. Treitsche (Neb.), 55 N. W. 273; Johnson v. State (Nebr.), 51 N. W. 835; Minich v. People (Col.), 9 Pac. 4; McKnight v. Railroad Co., 66 Mo. 599; State v. Raice (S. D.), 123 N. W. 708; State v. Sexton (S. D.), 72 N. W. 708; Robt. Burgess & Sons v. Alcorn, 90 Pac. 239; Denver, etc., Ry. Co. v. Warring (Col.), 86 Pac. 305.

Respondent cited: State v. Sonnenchein, 37 S. D. 585; Soules v. N. P. Ry. Co., 34 N. D. 7, 157 N. W. 823; Wylde v. Patterson, 31 N. D. 282, 153 N. W. 630; State v. Finlayson, 22 N. D. 233, 133 N. W. 298; Smith v. Kimble, 38 S. D. 511; State v. Sexton, 10 S. D. 127; Hurlburt v. Leper, 12 S. D. 321.

GATES, J.  This is an action for the possession of mortgaged cattle.  The principal defendants mortgaged the cattle to plaintiff in February, 1920.  This contest is between plaintiff and the intervener, who claims his agister's lien is superior to plaintiff's mortgage.  Rev. Code 1919, § 1669.  The testimony on the part of the intervener tends to show the following state of facts:

In June, 1920, feed and water became scarce, and the cattle were removed to land under the control of the intervener, with the knowledge and consent of the plaintiff bank, and defendants contracted in writing to pay intervener $4 per head for their pasturage and care for the remainder of the season.  In September the bank made two shipments of the cattle to Omaha.  Intervener sought to have the sum of $4 per head deducted from the sale price and paid to him.  The bank resisted this.  On or about September 19, the bank being about to make a third shipment, the intervener refused to permit it unless the bank would pay his claim.  The bank's assistant cashier told intervener he could retain the remainder of the cattle until he got his money, if intervener would permit such shipment.  This shipment was made, and this action arose from the attempt of the bank to take possession of part of the remaining cattle.

The evidence on the part of the bank negatives any such agreement by the assistant cashier.  The jury returned a verdict for the intervener in the sum of $548.  From the judgment, and an order denying new trial, plaintiff appeals.

[1]    The principal bone of contention on the part of appellant relates to an alleged variance between the pleading and proof. Appellant claims that the intervener pleaded a contract dated June 5, and that the contract intervener sought to prove was one dated September 19.    The allegation in intervener's complaint is as follows:

"That on or about the 5th day of June, 1920, the defendants, with the full knowledge, consent, acquiescence, and approval of plaintiff, turned over and delivered to this intervening defendant the cattle described in paragraph III hereof, together with a large number of cattle then belonging to said defendants, for the purpose of having this intervening defendant pasture and care for the same during the summer and fall of 1920 for the agreed compensation of $4 per head; it being then and there expressly understood and agreed, by and between this intervening defendant and the principal defendants herein and the said plaintiffs, that the amount so to become due to this intervening defendant for the pasturage aforesaid should become and be a first lien upon said cattle, senior and superior to all other liens, including the lien of the mortgage of the plaintiff above referred to."

It is quite true that this complaint does allege an express agreement on the part of the bank "then and there made," meaning June 5; but that is not the only contract referred to.    The foundation of intervener's right was the written contract between himself and defendants, dated June 5.    There was some evidence tending to show an authorization by the bank at that time for the pasturing of the cattle with the intervener.    We do not think the trial court was unduly liberal (Rev. Code 1919, § 2363) in permitting, under the above pleading, evidence of the alleged express waiver on the part of the bank made in September.    There was no claim that appellant was taken by surprise because of the alleged variance, nor does it appear that appellant's rights were in any way prejudiced thereby.

[2]    Another assignment of error challenges the action of the trial court in permitting the calling by the intervener of an officer of appellant as an adverse witness as if for cross-examination, after he had been on the witness stand as a witness for appellant and had been cross-examined by intervener.    The authority for calling an adverse witness as if for cross-examination is found

in section 2714, Rev. Code 1919. We do not think the trial court abused its discretion in permitting the examination. Langford v. Issenhuth, 28 S. D. 451, 134 N. W. 889; Van Horn v. Simpson, 35 S. D. 640, 153 N. W. 883; First State Bank v. Anderson, 46 S. D. 104, 191 N. W. 339.

[3, 4] The trial court instructed the jury:

"You are further instructed that, if you believe that any witness has knowingly testified falsely to any material matter in the trial of this case, then you are at liberty to disregard the entire testimony of such witness, except where such witness is corroborated by other competent testimony."

This is assailed because of the last clause, beginning with the word "except," for the reason that it invades the province of the jury, and would compel reliance upon testimony believed by the jury to be perjured, if it was corroborated. This instruction, except for the last word, "testimony," is in substance the same as the one refused by the trial court in State v. Goodnow, 41 S. D. 391, 170 N. W. 661, and which refusal was held error. The trial court can therefore scarcely be criticized for giving it, but in that case the effect of the clause now objected to was not given especial consideration. There the question was whether the court erred in refusing to give the instruction, "falsus in uno, falsus in omnibus." It was held that such refusal was error. In the opinion, however, we said:

"If they believed part of her testimony to be false, they were at liberty to disbelieve and to disregard it all, and they should have been so instructed by the court."

This would seem to negative the applicability of the clause in the Goodnow Case, "except where such witness is corroborated by other competent evidence."

In the present case the word "competent" has no proper place in the clause. The jury is not the judge of the competency of evidence. That is the province of the court. The jury must consider as competent all evidence that the court has permitted to be introduced. The word "competent" then becomes surplusage. The word "testimony" is also objectionable, because a witness might be corroborated by evidence that was not "testimony." But even if that clause had read, "except where such witness is corroborated by other evidence," it would still technically encroach

upon the province of the jury. If, instead of the clause objected to, the court had used this clause, "in so far as you believe it to be false," then we think the instruction would have been accurate, and would have fairly instructed the jury as to its province. State v. Raice, 24 S. D. 111, 123 N. W. 708; State v. Goodnow, supra; Randall, Instructions to Juries, § 180.

But the instruction above set forth was not the only instruction given relative to the province of the jury. Immediately preceding that the court charged the jury as follows:

"The jury are the sole judges of the credibility of the witnesses and the weight and value to be given their testimony. In determining what credit you will give to the witness, and the weight and value you will attach to a witness' testimony, you should take into consideration the conduct and appearance of the witness upon the stand, the interest of the witness in the result of the trial, the motives actuating the witness in testifying, the probability or improbability of the witness' testimony, the opportunity the witness had to observe and be informed as to matters respecting which he gave testimony, and the inclination of the witness to speak truthfully or otherwise. All these matters being taken into account, with all the other facts and circumstances given in evidence, it is your province to give to each witness such credit and the testimony of each witness the value and weight you deem proper."

Viewing the instructions as a whole, we do not think the jury could have misunderstood its province. While the clause objected to was erroneous, we agree with the Utah court that the criticism of it is "refined and abstruse, rather than substantial and fundamental." State v. Morris, 40 Utah 431, 122 Pac. 380. And we agree with the Montana court that prejudicial error cannot be predicated upon the erroneous clause, in view of the whole charge. State v. Lee, 34 Mont. 584, 87 Pac. 978; State v. Penna, 35 Mont. 535, 90 Pac. 787.

All of the other assignments of error have been considered, but are likewise deemed to be lacking in merit.

The judgment and order appealed from are affirmed.

Note.—Reported in 195 N. W. 37. See Headnote (1), American Key-Numbered Digest, Pleadings, Key-No. 398, 31 Cyc. 713; (2) Witnesses, Key-No. 276, 40 Cyc. 2471; (3) Trial, Key-No. 236(2), 38 Cyc. 1733; (4) Trial, Key-No. 295(9), 38 Cyc. 1778.