CRONHOLM, Respondent, v. SHELDON, Appellant.

(226 N. W. 948.)

(File No. 6635. Opinion filed October 15, 1929.)

*H. L. Woodworth* and *J. M. Berry,* both of Ipswich, for Appellant.

*James W. McCarter,* of Ipswich (*E. W. Stephens,* of Pierre, in oral argument) for Respondent.

FULLER, C. Plaintiff, the respondent here, alleged that on or about November 1, 1925, the defendant placed certain real property in the hands of plaintiff for sale on such terms that: "The defendant would pay plaintiff the highest commission and price going, if the plaintiff would secure a purchaser for said premises who would buy said premises for $15,000.00; and that through plaintiff's instrumentality and influence said purchasers were secured and said sale was effected for said price of $15,000.00; that for his said services in making said sale plaintiff is entitled to the highest commission going at the time of said sale on said purchase price of $15,000.00 and that the highest commission going at the time of said sale was $750.00."

To establish the fact and terms of his employment, the plaintiff introduced evidence of conversations by him had with the

defendant commencing as early as July or August, 1924; and defendant's objections to this proof form the basis of his contention here, as appellant, that there was a variance between the plaintiff's allegations and proof. Whether a variance between the pleading and proof in any case is substantial, material, and subject to tenable objection depends upon the inquiry whether the objecting party has been so misled or taken by surprise that he has been deprived of a reasonable opportunity to refute or combat the evidence in question. In pursuit of that inquiry courts have sometimes had recourse to the allegations of the pleadings of the party claiming prejudice from the introduction of the evidence. 1 Bancroft's Code Pleading, § 702; Fitzgerald v. Southern Pac. Co., 36 Cal. App. 660, 173 P. 91, 92. For a like reason, in this case reference will be had to the opening statements of counsel for the respective parties as made to the jury at the commencement of trial. By those statements, we observe, the plaintiff declared his intention to offer proof of conversations with defendant as early as 1924, and defendant expressed a purpose to establish that neither at the time alleged in the complaint nor any other time did defendant employ plaintiff to sell the property or pay plaintiff a commission therefor. Under the record thus disclosed, we are satisfied that there was no error on the part of the trial court in overruling the objection to the proffered evidence. The rule is here applicable that: "Ordinarily, an allegation of time is not controlling, and the party responsible for such an allegation is not bound to prove it literally, but may show the actual transaction although it occurred at a time other than that alleged. Generally speaking, it is the transaction, rather than the time at which it occurred, that is the material thing." 1 Bancroft's Code Pleading, § 709; Biven v. Bostwick, 70 Cal. 639, 11 P. 790, 791.

By means of the admissible proof above mentioned, plaintiff established the promise of defendant as one to pay "the best commission going" or "the best commission ever paid a man"; and, it being admitted that the selling price of the property was $15,000, plaintiff offered evidence that the reasonable value of the service rendered was 5 per cent to 10 per cent of that price. To the proof of that commission defendant objected for the reason of variance from the pleading which alleged an express contract. The plaintiff then moved for leave to amend the complaint to allege that the rea-

sonable value of the service rendered by plaintiff to defendant was the sum of $750, which, it is to be observed, is computable as 5 per cent of the selling price. Defendant's objection that this amendment represented a change of the cause of action from one of express contract to one for quantum meruit was overruled, the evidence of value was admitted, and the jury returned a verdict for plaintiff of $500.

 The ruling of the trial court permitting the above-mentioned amendment and refusing defendant a continuance presents the principal question for review. It is a general rule that the action of the trial court in allowing or refusing amendments to pleadings is not subject to review on appeal unless it affirmatively appears that its discretion was abused. In the absence of exceptional circumstances, the rule is applicable that an amendment from a cause of action on express contract to one in quantum meruit is not a fatal or prejudicial departure. Warder v. Hutchison, 69 Cal. App. 291, 231 P. 563, 565; Wardrobe v. Miller, 53 Cal. App. 370, 200 P. 77, 80. In this case the original amended complaint alleged a contract to pay plaintiff as a broker "the highest going commission." The pleading is unlike an allegation of promise to pay a specified sum of money, and it is not certain that proof of the reasonable value of the service was not admissible under the pleading before it was amended at the trial. In any event, we are not satisfied that defendant, as the appellant here, may fairly say he was prejudiced, or that he lost any substantial rights by the admission of proof of the reasonable value of the service or by the amendment permitting the allegation of such value.

As neither of appellant's assignments charges insufficiency in proof of the specific fact as to the reasonable value of respondent's services, it must be taken as adequately established that the jury correctly found that value in the sum of $500.

 Appellant complains, however, that the evidence is not sufficient to establish that respondent was the moving or procuring cause for the particular sale which was made on the particular terms finally agreed upon. It is claimed that appellant as the owner of the property reduced the price at which respondent asserts he was employed to bring about a sale, and that appellant finally included an icehouse property in the transfer for the total of $15,000, which icehouse was not included with the property listed with re-

spondent for sale. And it is argued that, inasmuch as the sale was only in part for cash, no commission would be chargeable; that an implied contract for the payment of the reasonable value of a broker's service is applicable only to a sale for cash, where no other terms of sale are stated. However, there is evidence that respondent brought the parties together and continuously assisted, at appellant's request, in the effort to bring about the sale, and the jury was warranted, under the record, in finding respondent to have been the procuring cause of the sale as finally made. Although the sale was made to respondent's sister and brother-in-law, and although appellant may have been personally active in bringing about the transaction, we perceive no legal obstacle in these facts to the decision adopted by the jury. The terms of sale proposed to respondent, as broker, may have been modified by appellant and additional property included in the property, and the sale may have been in part only for cash; yet there is sufficient evidence to establish respondent's efforts in bringing about the sale which was in fact made. As the jury rightly found the respondent was the procuring cause of the sale, the question is at an end, for the reasonable value of the service rendered is, under this record, a closed subject. It is true, as appellant says, that proof of a reasonable broker's commission was made as of December 1, 1925, while the sale is said to have been made in the previous September. But the record shows that the deeds were made out on the first named date.

The judgment and order appealed from are therefore affirmed.

SHERWOOD, P. J., and BURCH and BROWN, JJ., concur.

POLLEY and CAMPBELL, JJ., concur in result.