STATE, Respondent, v. HANLEY, et al, Appellants.

(235 N. W. 516.)

(File No. 6755. Opinion filed March 16, 1931.)

*L. E. Waggoner,* of Sioux Falls, for Appellants.

*M. Q. Sharpe,* Attorney General, and *R. F. Drewry,* Assistant Attorney General, for the State.

MISER, C. Appellants were convicted of a robbery of a bank at Huron. This appeal is from the judgment and the order denying new trial. The errors assigned are: (1) The disallowance of the challenge to the panel; (2) twenty-six instances of alleged misconduct by the state's attorney; (3) the refusal to give appellants' version of an instruction on the maxim, falsus in uno, falsus in omnibus.

■ The disallowance of the challenge to the panel was not reversible error. In State v. Morse, 35 S. D. 18, 150 N. W. 293, Ann. Cas. 1918C, 570, this court construed what is now section 4936, R. C. 1919, to require defendant to show prejudice resulting from disallowance of a challenge to the panel of petit jurors. But appellants contend that, under the decisions in State v. Fellows, 49 S. D. 481, 207 N. W. 477, and State v. Johnson, 50 S. D. 388, 210 N. W. 350, they are entitled to a reversal. In State v. Smith, 232 N. W. 26, this court recently pointed out the distinctions between the Morse Case and the cases relied upon by appellant, and followed the Morse Case. No prejudice to appellants has been shown through the irregularities of which they complain. Therefore no reversible error resulted therefrom.

■ ■ As to the assignments relating to misconduct of the state's attorney, a large number of the instances assigned as error consist of across-the-table questions, suggestions, and argument. Instead of exercising the inherent power to compel counsel to refrain from such improper conduct, the trial judge used only mild reproof in which, too often, objector and offender shared almost equally in the censure. In no small number of these across-the-table encounters appellants' counsel freely participated. The result of all this is a record which can be no source of pride either to counsel or to the trial judge. Respondent has deemed it necessary to supplement appellants' 69-page abstract with 120 pages of additional statement. A careful reading of both the abstract and the settled record, thereby made necessary, leaves one in grave doubt as to whether the result was at all different than it would have been had the case been tried without any misconduct whatever. State v. Townley, 149 Minn. 5, 182 N. W. 773, 780, 17 A. L. R. 253. Furthermore, when distributed through a six-day hard-fought trial, the instances of misconduct were less harmful than they appear when brought together in the assignments; and those assigned are materially reduced in number when those to which objections were sustained and those to which no objections were made are stricken out. The guilt of appellants was amply proven. A motion for a new trial was made, on the ground, among others, of the misconduct of counsel. In considering that motion for a new trial, the facts of misconduct, the provocation thereto, the effect thereof, the objections and rulings thereon, and actual atmosphere of the

trial, were within the knowledge of the trial judge. That he denied the motion does not indicate complete satisfaction with the conduct of the trial, but only that, in his opinion, the effect was not prejudicial to appellants. The granting or refusing of a new trial for misconduct of counsel rests largely in the discretion of the trial court. As was said in Lindsay v. Pettigrew, 3 S. D. 199, 52 N. W. 873, 875: "This court will not reverse the decision of the court below on a motion for a new trial, where * * * the facts are fully within the knowledge of the court except in a case where this discretion is plainly misused." In that case this court did reverse the decision of the court below. In the case at bar, while, as before stated, the record is not such as to be any source of pride either to counsel or to the trial court, after a painstaking examination of it, this court is not "clearly of the opinion that the facts as presented require us to reverse the judgment of the court below, and grant a new trial." On the contrary, after considering not only the misconduct and other errors properly assigned, but the entire record, we are of the opinion that the learned trial judge neither misused nor abused his discretion in deciding that the misconduct did not require a new trial to be granted. State v. Albers, 52 S. D. 582, 219 N. W. 263.

██ Among the errors so assigned were some relating to the instruction of the jury. Appellant requested the court to instruct as follows: "In passing upon the credibility of the various witnesses in this case, the court instructs that if you should find that any witness has wilfully testified falsely as to any material fact in the case, then it is your privilege, and you may, if you so desire, disregard his entire testimony except in so far as it may be corroborated by the testimony of other credible witnesses."

Instead of instructing as above requested, the court instructed as follows: "You are further instructed that if you believe that any witness has wilfully testified falsely to any material matter in this case, then you are at liberty to disregard the testimony of such witness in so far as you believe it to be false."

Despite the fact that in Citizens' State Bank v. Bailey, 46 S. D. 547, 195 N. W. 37, 38, this court said that an instruction such as the one given above "would have been accurate," it is not a proper statement of the law under the maxim, falsus in uno, falsus in omnibus, nor is the instruction requested in good form. Both

the instruction requested and the instruction given are wrong. Each is made to express the rule by striking off the concluding clause. The forms of instruction approved in State v. Sexton, 10 S. D. 127, 72 N. W. 84, Hurlbut v. Leper, 12 S. D. 321, 81 N. W. 631, State v. Raice, 24 S. D. 111, 123 N. W. 708, and State v. Wilcox, 48 S. D. 289, 204 N. W. 369, all of which omit the final qualifying clause, are for that reason, better instructions under that maxim. Brickwood's Sackett Instr. to Juries, § 344, footnote 9; Blashfield's Instr. (2d Ed.) § 381, p. 835.

But the exception as taken to the refusal to give the requested instruction was as follows: "That it is a correct statement of the law and the instruction proposed by the court only permits the jury to disregard such evidence as they believe to be false. Whereas, the correct rule is that they may disregard all the testimony if they so desire, regardless of whether they may believe it to be true or false, it being the privilege of the juror to disregard such testimony even though he believes it to be true." There was no exception taken to the instruction given except as contained in the foregoing exception to the instruction requested and refused.

Appellants were entitled to have the jury correctly instructed under the maxim, falsus in uno, falsus in omnibus. The trial court was willing to instruct under the maxim. In an attempt to do so, it used language which this court in Citizens' State Bank v. Bailey, supra, had said was "accurate." In taking their exceptions, appellants stated that the instruction given was wrong because it is the privilege of a juror to disregard testimony which he believes to be true when given by a witness who has willfully testified falsely to some other material matter in the case. The instruction given was incorrect, and the reason stated in appellants' exception thereto was also incorrect. The learned trial judge would have readily seen the error and avoided it had appellants, in compliance with rule 26, specified "clearly wherein the instruction was insufficient or did not state the law." When a judge has instructed jurors that, if they believe that any witness has willfully or knowingly testified falsely to any material matter in the trial of the case, they may disregard the entire testimony of such witness, he has stated the rule under the old maxim. The reason why they may disregard the entire testimony of such witness is because it is the testimony of one who manifested his willingness to perjure himself. The

court has not told the jurors that they must disregard the entire testimony of such witness, but only that they may do so. ·Having correctly instructed the jurors, if the court then proceed to qualify a correct instruction by adding either the clause, "except in so far as it may be corroborated by the testimony of other credible witnesses," or the clause, "in so far as you believe it to be false," he has, by the qualifying clause, made that confused and incorrect which before was clear and correct; but the error does not lie in any juror being privileged to disregard testimony which he believes to be true.

But the instruction given was not the only instruction given to aid the jury in weighing the evidence. They were also instructed as follows: "You are the sole judges of the credibility of the witnesses, of the weight of the evidence, and of the facts. It is your right, in determining upon the weight to be given to the testimony of the several witnesses who have testified in the case, to determine from the appearance of the witnesses on the stand, their manner of testifying, their apparent candor or frankness or lack theerof, which witnesses are more worthy of credit and to give weight accordingly. In determining the weight to be given to the testimony of witnesses, you are authorized to consider their relationship to the parties when the same is proved, their interest, if any, in the event of the action, their temper, feeling or bias, if any has been shown, their demeanor on the stand, their means of information and the reasonableness of the story told by them, and to give weight accordingly."

Although the form of instruction criticized was not good and should not have been used, we are of the opinion that its insufficiency was not clearly pointed out and also that "prejudicial error cannot be predicated upon the erroneous clause, in view of the whole charge." Citizens' State Bank v. Bailey, supra.

Other errors have been assigned. These have been considered. But, after a careful examination, we are unable to say that the trial judge abused his discretion in denying a new trial.

The judgment and order appealed from are affirmed.

POLLEY, P. J., and CAMPBELL, BURCH, and WARREN, JJ., concur.

MISER, C., sitting in lieu of ROBERTS, J., disqualified.