REES, Appellant v. WILLIAMS DISTRIBUTING COMPANY, INC., Respondents

(81 N.W.2d 883)

(File No. 9525. Opinion filed March 22, 1957)

**Eastman & Eastman,** Rapid City, for Plaintiff-Appellant.

**J. H. Bottum, Jr., Roswell Bottum,** Rapid City, for Defendants-Respondents.

RUDOLPH, J.   In this action plaintiff seeks to be adjudged the owner of fifty percent of the stock in the defendant, Williams Distributing Company.   The defendants are the company and its officers.   Harold G. Williams is the president.   The separate answers of each of the defendants denied that plaintiff has any interest in the company and alleged that prior to the organization of the defendant company the plaintiff and Harold G. Williams were partners and that plaintiff sold to Harold G. Williams his interest in the partnership which was transferred to the company, the stock of which is now owned by the individual defendants. The trial court entered judgment in favor of defendants and plaintiff has appealed.

The appellant has presented two issues for decision. These issues are stated in appellant's brief as follows:

"1.   Has the defendant sustained the burden of proof necessary to prove a matter in avoidance.

"2. May evidence be introduced in a matter of avoidance which has not been pleaded."

We are convinced after reading the transcript of the testimony that an affirmative answer is required to appellant's first question.   The parties gave their version of the transaction, but in addition, the lawyer in whose office the negotiations and transactions took place testified in detail.   This testimony supports defendants' position.   This lawyer testified that at the request of the parties and to obviate two transfers, plaintiff's interest in the partnership was transferred by him directly to the corporation which was then being organized, and that plaintiff was paid for

this interest by the personal note of Harold G. Williams. The evidence of the attorney is full, complete and in detail. Conceding that the burden was upon defendant to establish this defense, such burden has been fully sustained.

■■ Under appellant's second question it is contended in substance, as we understand it, that there is a variance between the proof presented and the issues as raised by the answer. It is contended that the evidence fails to show a sale to Harold G. Williams but shows a sale and transfer to the corporation. The evidence at the trial was complete on this issue. As stated above the attorney testified in detail.

If the sale were made to the corporation instead of to Williams, the evidence accepted by the trial court shows in detail the circumstances under which such sale was made, and it further shows that plaintiff accepted in full payment for such transfer to the corporation the note of Harold G. Williams. This evidence further shows that plaintiff never became a stockholder in the corporation. It appears, therefore, that the departure from the issues raised by the answer is slight and doubtful, but even if a departure, it is not substantial, nor did it mislead plaintiff, in view of the letter (Exhibit B) written to plaintiff by the attorney witness some months before this action was commenced. We are satisfied there was no prejudice to plaintiff's rights so far as the pleadings are concerned. Chronholm v. Sheldon, 55 S.D. 582, 226 N.W. 948; Citizens' State Bank v. Bailey, 46 S.D. 547, 195 N.W. 37; Woodford v. Kelley, 18 S.D. 615, 101 N.W. 1069.

The judgment appealed from is affirmed.

All the Judges concur.