STATE, Respondent, v. HARRINGTON, Appellant.

(198 N. W. 819.)

(File No. 5185.   Opinion filed May 15, 1924.)

1. **Larceny—Criminal Law—Corpus Delicti—Corpus Delicti Held Sufficiently Established.**

   The corpus delicti, in a prosecution for larceny of a heifer which had been running with defendant's cattle, held sufficiently established.

2. **Larceny—Evidence—Appropriator of Property in His Possession Without Effort to Find Owner Guilty of Larceny.**

   One coming into possession of personalty under circumstances giving him knowledge or means of inquiry as to owner, and who appropriates same to own use without effort to find owner, is guilty of larceny.

3. **Larceny—Evidence—Evidence Held to Sustain Conviction.**

   Evidence held to sustain conviction for larceny of heifer.

Appeal from Circuit Court, Jackson County; Hon. N. D. Burch, Judge.

Patrick H. Harrington was convicted of larceny. From judgment and order denying new trial, he appeals. Affirmed.

*H. F. Fellows,* of Rapid City, for Appellant.

*Byron S. Payne,* Attorney General and *Vernon R. Sickel,* Assistant Attorney General, for Respondent.

Appellant cited:   State v. Conlan, 50 Atl. 95; Long v. State, 32 So. 870, 44 Fla. 134; Commonwealth v. James, 18 Mass. (1 Pick.) 375; Same v. Adams, 72 Mass. (7 Gray) 43; Young v. State, 83 S. W. 808, 47 Tex. Cr. R. 468; Womack v. State, 86 S. W. 1015, 48 Tex. Cr. R. 148; Crockford v. State, 102 N. W. 70, 73 Neb. 1, 119 Am. St. Rep. 879, 58 N. W. 964; Gosler v. State, 56 S. W. 51; 3 C. J. 192; Williams v. State, 72 S. E. 719; Wilson v. State, 131 S. W. 336, 41 L. R. A. (N. S.) 549; Leak

v. State, 97 S. W. 476; Dalzell v. State, 53 Pac. 297; State v. Baird, 34 S. D. 76, 147 N. W. 69; 16 C. J. 766.

Respondent cited:   17 R. C. L. 35; Perrin v. Commonwalth, 86 Va. 554; Brooks v. State, 35 Ohio 46; Brewer v. State, 3 So. 319; Allen v. State, 24 A. S. R. 856; Bennet v. State, 22 S. W. 684; People v. Kaatz, 3 Park Crim. Rep. 129; State v. Martin, 28 Mo. 530; Lamb v. State (Neb.), 58 N. W. 963; Beatty v. State, 61 Miss. 20; State v. White, 29 S. W. 591; Borer v. State, 28 S. W. 951.

DILLON, J.   The information charges the defendant with the offense of larceny in Jackson county, this state, of one certain red heifer.   The trial resulted in the conviction of the defendant, and from this judgment, and order denying a new trial, defendant appeals.

It appears that this heifer was owned by Henry and August Sindt.   It had been estrayed for some three weeks from the Sindt ranch, and had been running on an open range with defendant's cattle for some time—the exact length of time is not definitely disclosed by the evidence.

It appears that Henry Sindt and one Schreiber made a search for the heifer and failed to find her.   They went then to Midland, where they found the hide that defendant had sold to a merchant, and they identified the markings and brands on the hide.   After reaching Stamford, defendant approached Henry Sindt and offered to settle for $75.   Failing to make a settlement, he induced Schreiber to effect a settlement on the basis of $100 and a note for $50.

There was testimony that the defendant had been informed prior to the killing of the heifer that the Sindts were the owners of the animal.   However, the defendant denied such knowledge. It appears that one Topkins, who helped to kill the heifer, knew that the heifer was an estray and knew of her running with defendant's cattle.   The animal was branded with Sindt's brand. The defendant failed to show any effort to gain any information as to the ownership of such animal or to make any inquiry in reference thereto.

Defendant and his son-in-law claimed that the animal had been caught in the ice and she was unable to extricate herself; that when life was practically extinct the animal was killed to

save the meat and hide. The meat was appropriated by the defendant, and the hide was taken to a dealer at Midland and sold.

In the conversation between defendant and his son-in-law, it was disclosed that this animal was the estray. It was claimed that the defendant did not know to whom the animal belonged at the time of the killing and therefore could not be with a felonious intent to steal at the time of the conversion. Yet one Kusick testified that he had told the defendant that this animal had belonged to the Sindts. While this testimony is disputed, it had important bearing on the intent of the defendant when he appropriated the heifer to his own use after his knowledge of such ownership, if such ownership was believed.

[1, 2] We cannot agree with the contention of appellant that the corpus delicti was not established. One who comes into possession of personal property under circumstances which give him knowledge or means of inquiry as to the true owner, and who appropriates such property to his own use without having first made an effort to find the owner and restore the property to such owner as the circumstances render reasonable and just, is guilty of larceny.

The jury evidently did not believe the improbable story of the defendant relative to the drowning, and when the defendant testified that he did not know the animal killed was the estray at the time of the killing he was evidently disbelieved by the jury.

[3] We fail to find any error in the admission or rejection of evidence or in the instruction given to the jury. There was sufficient evidence to carry this case to the jury, and the evidence is clearly sufficient to sustain the findings of the jury.

Judgment and order appealed from are affirmed.

POLLEY, J. I concur in the affirmance of the judgment.

Note.—Reported in 198 N. W. 819. See, Headnote (1), American Key-Numbered Digest, Larceny, Key-No. 56, 25 Cyc. 120; (2) Larceny, Key-No. 63, 25 Cyc. 37; (3) Larceny, Key-No. 55, 25 Cyc. 119.

On proof of corpus delicti in larceny, see notes in 68 L. R. A. 33; 28 L. R. A. (N. S.) 536, and L. R. A. 1916B, 846.