Note—Reported in 207 N. W. 539. See, Headnote (1), American Key-Numbered Digest, Witnesses, Key-No. 344(5), 40 Cyc. 2620; (2) Witnesses, Key-No. 275(2), 40 Cyc. 2508, 2613; (3) Evidence, Key-No. 471(2), 33 C. J. Sec. 611; (4) Malicious Prosecution, Key-No. 72(2), 37 C. J. Sec. 48; (5) Malicious Prosecution, Key-No. 72(4), 38 C. J. Sec. 201, 208; (6) Malicious Prosecution, Key-No. 72(3), 38 C. J. Sec. 206; (7) Trial, Key-No. 191(5), 38 Cyc. 1657.

---

STATE, Respondent, v. JOHNSON, Appellant.

(207 N. W. 539.)

(File No. 5897.    Opinion filed March 5, 1926.)

1. **Larceny—Evidence—Evidence Held Sufficient to Sustain Conviction for Larceny.**

    Evidence held sufficient to sustain conviction for larceny of hogs, where defendant, on whose farm hogs were found, instead of explaining their presence there, attempted to prove they were his.

2. **Criminal Law—Search and Seizure—Questioning Deputy Sheriff as to Whether Property Found Answered Description in Search Warrant, Held Improper as Conclusion, But Harmless.**

    Questioning deputy sheriff, who executed search warrant, as to whether property found answered description in warrant, held though improper as calling for conclusion, not prejudicial.

3.  **Criminal Law—Evidence.**
    Admitting in evidence search warrant, though immaterial and incompetent, held not prejudicial to defendant.

Appeal from Circuit Court, Brown County; HON. ROBERT D. GARDNER, Judge.

A. C. Johnson was convicted of larceny, and he appeals. Affirmed.

*Campbell & Fletcher,* of Aberdeen, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* of Pierre, for the State.

(1)  To point one of the opinion, Appellant cited: State v. Ivey (Ia.), 194 N. W. 262; State v. Smith (Wis.), 190 N. W. 905.

Respondent cited: State v. Brandell, 26 S. D. 642; State v. Smathers, 46 Ind. 447; May v. State (Neb.), 56 N. W. 804; State v. Harrington (S. D.), 198 N. W. 819.

POLLEY, J.  Appellant was convicted of the larceny of 13 hogs alleged to be the property of one Glen Otto, and appeals to this court. Appellant contends that the evidence is not sufficient to support the verdict, in that it is not shown that a larceny was committed, and that, if committed, the evidence does not connect appellant with the commission thereof.

The evidence shows that on about the 1st day of November, 1924, Otto missed some 13 of his hogs; that he made search about the neighborhood for these hogs, but did not find them. On November 5th he went to appellant's farm some 30 or more miles from home, and asked appellant if he had seen any stray hogs about his place. Appellant answered that he had not. About that time Otto saw his hogs in a small inclosure near appellant's house. He then secured a search warrant, put it into the hands of the sheriff, and had him take possession of his hogs. At the trial appellant introduced evidence to prove that he was the owner of the hogs.

[1]  The testimony on behalf of the state, if believed by the jury, taken in connection wtih the conduct of the defendant and the surrounding circumstances, was sufficient to establish the corpus delicti, and to make out a prima facie case against him. The jury found that the hogs claimed were the property of Otto, and

their presence on appellant's farm, more than 30 miles from home, called for an explanation from appellant. Instead of making such explanation, he put witnesses on the stand to prove that the hogs were his.

[2] During the trial the deputy sheriff who executed the search warrant was asked the question: "The property you found answered the description in the search warrant?" This was objected to on the ground that it called for the conclusion of the witness. This objection should have been sustained.. Whether the hogs answered the description contained in the search warrant was in no wise material; but it does not seem possible that the answer of the witness could have injured appellant.

[3] At the close of the state's testimony the search warrant was offered and received in evidence. This was neither material nor competent. Neither the search warrant nor the manner in which it had been executed were in any wise involved in the case and should not have been received in evidence; but, on the other hand, we are unable to see how they could have prejudiced the appellant.

Several assignments are predicated upon the refusal of the court to give certain requested instructions to the jury. While the instructions correctly state the law, we believe they are fully covered by the instructions given by the court.

The judgment and order appealed from are affirmed.

CAMPBELL, J., not sitting.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.

Note—Reported in 207 N. W. 539. See, Headnote (1), American Key-Numbered Digest, Larceny, Key-No. 64(1), 36 C. J. Sec. 483; (2) Criminal law, Key-Nos. 448(7), 1169(9), 16 C. J. Sec. 1532, 17 C. J. Sec. 3674; (3) Criminal law, Key-No. 1169(1), 17 C. J. Sec. 3662.