THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MONA SILVERMAN, Appellant.— HERLIHY, J. Appeal from a judgment of conviction in the County Court of Tompkins County by the defendant. The introduction into evidence of a search warrant is for the sole purpose of demonstrating that the search was lawful, as distinguished from unlawful. It has no probative value in establishing the guilt of the accused. In the present case the attorney for the defendant requested the following charge: "That any recitals of the search warrant which is marked Exhibit No. 1 in this case, does not constitute proof of any occupancy of any particular room in this dormitory by this Defendant." The court charged as follows: "It is one of the series of circumstances from which the Jury may draw a conclusion." This was error. The remarks of the District Attorney in his summation and those of the court in its charge, with reference to a search warrant, inferentially at least, would impress the jury that a conviction could be sustained upon the search warrant. Upon the oral argument the District Attorney admitted that the house matron was

available and subject to a subpœna but was not produced. It is conceivable that her testimony might have been sufficient to sustain the conviction. A police officer, in answer to a question, stated: "We asked Miss Silverman if there was anyone else living in the room at the time and she said, 'No,' she was the only one living in the room at the time." If this admission was volunteered without the prior knowledge of the District Attorney the question arises as to whether upon the interposing of a proper objection at the trial, there should have been a recess and a hearing held in accordance with *People* v. *Huntley* (15 N Y 2d 72). If the District Attorney had advance knowledge of the answer of the police officer, he was obligated to notify the defense attorney of his intention of introducing such admission. In any event, upon a retrial, if the admission is to be offered by the People, there must be a *voir dire*, as outlined in *People* v. *Huntley* and, additionally, it will be necessary to consider the mandate outlined in *Miranda* v. *Arizona* (384 U. S. 436). It is regrettable that it is necessary to order a new trial. Judgment of conviction reversed, on the law and the facts, and a new trial ordered. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.