STATE, Respondent v. LARKIN et al., Appellants

(202 N.W.2d 862)

(File No. 10936. Opinion filed December 12, 1972)

**Robert W. Hedrick,** Leavenworth, Kan., **David V. Vroo-man,** Sioux Falls, **Cenobio Lozano, Jr.,** Kansas City, Mo., for defendants and appellants.

**Gordon Mydland,** Atty. Gen., **C. J. Kelly,** Asst. Atty. Gen., Pierre, for plaintiff and respondent.

WINANS, Judge.

The appellants, Terry Larkin and Richard Loboda, were jointly tried and found guilty of grand larceny. On appeal, the principal question they have raised concerns the admissibility of

certain evidence that was seized from their car during the execution of a valid search warrant but not described in the warrant and unrelated to the offense under investigation.

The relevant facts are not in dispute. On October 21, 1969, the appellants were arrested and their car was taken into custody by the Sheriff of Brookings County. It appears that the sheriff made the arrest based on information he had received concerning a robbery that had occurred in Madison, South Dakota, earlier that evening. The following day, the sheriff searched the appellant's car pursuant to a search warrant that authorized the seizure of four cartons of Contac cold capsules which were known to have been taken in the Madison robbery. In the course of the search, the sheriff found in the trunk of the car six cartons of the cold capsules as well as four new men's suits. The suits still had sales tags attached to them and the pants were uncuffed. Although not described in the search warrant, the suits and other items found in the car were seized at that time. After it was subsequently ascertained that the suits had been stolen from a Sioux Falls clothing store, a criminal information was duly filed charging the appellants with the theft of the suits. Their conviction followed.

On appeal, the appellants contend that the trial court committed reversible error by denying their motion to suppress the evidence as to the items seized other than those described in the search warrant. The appellants do not contend that the search warrant that authorized the search was invalid. Rather, it is their contention that the suits were seized in violation of their Fourth Amendment rights and should have been suppressed as evidence. For the reasons stated below, we affirm.

It is the general rule that where a search is pursuant to a warrant, the officer making the search cannot seize property other than that·which is specifically described in the warrant. Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927); Stanford v. State of Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965). However, certain exceptions to the ironclad general rule have evolved which are recognized and applied by the courts. One such exception arises where a police officer while

in the course of a lawful search pursuant to a valid search warrant inadvertently uncovers evidence of another crime. In such a case, the police officer may seize the evidence although it is not described in the warrant. Seymour v. United States, 10 Cir., 369 F.2d 825 (1966), cert. den. 386 U.S. 987, 87 S.Ct. 1297, 18 L.Ed.2d 239 (1967); Anglin v. Director, Patuxent Institution, 4 Cir., 439 F.2d 1342 (1971); Aron v. United States, 8 Cir., 382 F.2d 965 (1967); United States v. Hamilton, D.C.Del., 328 F.Supp. 1219 (1971). The cases recognizing this exception have emphasized that before such a seizure will be lawful, the original search must be directed in good faith toward finding objects described in the search warrant and, in addition, the police officer must have probable cause to believe the inadvertently discovered evidence is in fact seizable.

In Anglin, supra, the Fourth Circuit Court of Appeals was presented with a fact situation very similar to the present one. The police searched the appellant's residence pursuant to a search warrant that authorized the seizure of twenty-seven items of personal property. During the course of the search, the police found and seized over seven hundred incriminating items that were unrelated to the offense under investigation. The court held that the limits of the search warrant were not exceeded and that the items seized but not described in the search warrant could be used as a basis for prosecution of the defendant for other offenses. In so holding, the court stated:

"Once the privacy of the dwelling has been lawfully invaded, it is senseless to require police to obtain an additional warrant to seize items they have discovered in the process of a lawful search. 'There is no war between the Constitution and common sense.' * * * To so hold would again tempt the police to proceed without a warrant, for even now searches incident to arrest are not so confined. * * * If the search has not extended beyond the scope of the warrant and the officers chance upon items which they would have had probable cause to seize in the course of arrest, we think it serves the Fourth Amendment well to allow the seizure of those items for use as evidence at trial." (citations omitted)

In State v. Iverson, N.D., 187 N.W.2d 1 (1971), the Supreme Court of North Dakota reached the same conclusion. In so holding, Judge Erickstad, writing for the court, had this to say:

> "To hold otherwise would be to unduly encumber the particularity requirement of the Fourth Amendment * * *. In a search incident to a lawful arrest, based on probable cause and limited to the immediate area surrounding the person at the time of his arrest, evidence may be lawfully seized if it is stolen property, the instrumentality of a crime, or property the possession of which is a crime. A contrary rule as to searches pursuant to a search warrant issued by an independent magistrate on his own finding of probable cause would defeat the constitutional preference for search warrants."

The conclusion reached in the above cited cases finds support in the United States Supreme Court's recent articulation of the "plain view" doctrine. In Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), the Supreme Court recognized that under the "plain view" doctrine, the police may seize evidence in "plain view" without a search warrant where the initial intrusion onto the premises is justifiable and the "plain view" discovery is inadvertent. The court cited as an example of the application of the "plain view" doctrine the situation as presented in this case where the police have a warrant to search a given area for specified objects, and in the course of the search they inadvertently discover other objects of incriminating character.

■ Reviewing the facts in the present case, the sheriff was justified in making a search of the appellants' car by virtue of the search warrant. In the course of the search, he discovered the suits, as well as the items described in the search warrant, in the trunk of the car. Finding the suits with price tags attached and the pants uncuffed in the trunk with other allegedly stolen goods clearly provided the sheriff with probable cause to believe the suits were stolen. Therefore, in applying the controlling law to the facts of this case, it can be concluded that the seizure of the

suits was lawful and the trial court was correct in denying the motion to suppress them as evidence.

■ The appellants next contend that the trial court erred in denying their motions to dismiss and for judgment of acquittal for the reason that the state failed to make a prima facie case of larceny against them. The appellants base this contention on the fact that there was no direct evidence to show that they had taken the suits. In the absence of such direct evidence, the state relied entirely upon the inference or presumption which is said to arise when the accused is found in possession of "recently" stolen property. It has long been the rule in this state that possession of recently stolen property is, in itself, a circumstance from which guilt may be presumed. State v. Guffey, 39 S.D. 84, 163 N.W. 679 (1917); State v. Larson, 41 S.D. 553, 172 N.W. 114 (1919); State v. Johnson, 49 S.D. 572, 207 N.W. 539 (1926). The fact of such possession alone, if unexplained by the facts and circumstances brought out at trial, is a sufficient circumstance upon which to rest a verdict of guilty, if it convinces the jury of the defendant's guilt beyond a reasonable doubt. State v. Butler, 71 S.D. 455, 25 N.W.2d 648 (1946); State v. Rober, 86 S.D. 442, 197 N.W.2d 707 (1972). Therefore, having produced sufficient evidence of possession by the appellants of the "recently" stolen goods, the state established a prima facie case of larceny against them.

The appellant Larkin argues, however, that he was a mere passenger in the car and there was no proof that he had access to the trunk of the car where the stolen suits were found. As such, he contends that the rule of recent possession could not be applied to establish a prima facie case of larceny against him for the reason that there was insufficient evidence that he was in possession of the stolen suits.

■ To give rise to the presumption that a person in possession of recently stolen goods is the thief thereof, possession of the stolen property need not always be exclusive. Such possession may be by two or more persons. Carter v. Commonwealth, 209 Va. 317, 163 S.E.2d 589 (1968); People v. Hyde, 97 Ill.App.2d 43, 239 N.E.2d 466 (1968). Furthermore, proof of

possession does not require proof that the stolen goods were found on his person. In this case, the evidence indicated that the appellants were acting in concert when they were arrested and the suits were discovered in their car. There was no evidence presented as to who was driving the car and from the facts and circumstances brought out at the trial, no other explanation of "possession" was made. Under these circumstances, it is our opinion that the evidence presented at the trial was sufficient for the jury to find that the appellants were in joint possession of the stolen suits.

■ The appellants also contend that their motions to dismiss and for judgment of acquittal should have been granted for the reason that the state failed to establish the value of the allegedly stolen articles. The only testimony concerning the value of the stolen suits was given by a former employee of the clothing store who had experience selling suits. His initial testimony concerning the value of the suits was stricken after he admitted that he was merely "reading" from the price tags attached to the suits. However, he subsequently testified that in his opinion the fair market value of the suits was $50.00 each. It is our conclusion that his testimony was sufficient to show that the aggregate value of the suits exceeded $50.00 in value, so that the crime committed was grand larceny. The appellants' argument that the witness could not testify as to the value of the suits after his initial testimony concerning the value was stricken is devoid of merit.

The appellants next contend that the trial court erred in denying their motion for a new trial. It appears that a canister of mace was found by the jury in the pocket of a coat which had been admitted into evidence. It further appears that neither the defense attorney nor the prosecutor knew that the canister was in the coat. Based on the inadvertent admission of the canister, the appellants submitted a motion for a new trial. Along with the motion, the appellants by their attorney submitted an affidavit which, among other things, stated he, the attorney, had been informed by a juror of the can of mace in the trench coat, and that it was apparent the jury knew that its use was to either assault or prevent an assault by another person; that there was further discussion by the jury "that apparently both defendants

had been arrested in Madison immediately prior to their arrest in this matter for a crime in which the mace can was used".

 It is our conclusion that the trial court did not commit reversible error in denying the motion. It is well settled in this jurisdiction that the granting of a new trial, based on some matter alleged to have been prejudicial to the accused, is a matter which lies within the sound discretion of the trial court and a reviewing court will not interfere unless an abuse of such discretion affirmatively appears. State v. Hanley, 58 S.D. 191, 235 N.W. 516 (1931); State v. Norman, 72 S.D. 168, 31 N.W.2d 258 (1948). In this case, there was no such abuse of discretion by the trial court.

 It may also be pointed out that the affidavit in support of the motion for a new trial made by the attorney is based upon the information he received from one of the jurors. If the affidavit had been made by the juror himself, it would not support a motion for a new trial. Affidavits of members of the jury may not be used to impeach the jury verdict except when used to show the verdict was decided by lot. SDCL 23-50-7. It follows that the attorney's affidavit based on information from the juror would not be entitled to any greater consideration.

 The appellants' complaint that the court committed error in allowing the state to reopen its case to admit the suits into evidence is also without merit. The court in a criminal action may, in its discretion, reopen a case to receive further evidence. SDCL 23-42-6(4). In this case, there was no abuse of discretion by the trial court in permitting the state to reopen its case.

The appellants' final assignments of error relate to certain instructions given by the trial court to the jury. We have reviewed the instructions and we find that they state the applicable law.

Affirmed.

All the Judges concur.