STATE, Appellant v. WATKINS, Respondent

(237 N.W.2d 14)

(File No. 11631. Opinion filed December 19, 1975)

William J. Janklow, Atty. Gen., Pierre, **Gene Paul Kean**, State's Atty., Sioux Falls, for plaintiff and appellant.

**William D. Kenyon**, Sioux Falls, for defendant and respondent.

DOYLE, Justice.

The defendant, Charles Wesley Watkins, was charged under SDCL 39-17-102 with keeping or maintaining a dwelling house used for the keeping or selling of controlled drugs or substances. After a preliminary hearing the defendant was bound over to circuit court, duly arraigned, and entered a plea of not guilty to the charge. Defendant made a motion to suppress certain evidence, namely, drugs or controlled substances seized by the state at the residence of the defendant during an execution of a search warrant. After hearing thereon, the circuit court entered an intermediate order suppressing said evidence. This court granted an appeal from the intermediate order.

Pursuant to a search warrant, the deputy sheriff of Minnehaha County went to defendant's residence to look for items which had been taken from two burglaries involving gas stations. He was accompanied by other peace officers, one of whom was Sergeant Ronald Hanson, a detective assigned to the narcotics division of the Sioux Falls Police Department. While at defendant's residence, Sergeant Hanson found a bag of a green, leafy substance beside a record player and some vials of medication on a mantle. He had seen marijuana before and it was his opinion that the bag contained marijuana. When this material was discovered, the defendant was arrested on the present charge.

Admittedly, the search warrant made no mention of drugs or controlled substances. Moreover, Sergeant Hanson conceded that he had no knowledge of the items listed in the search warrant by testifying:

"Q   Is it a fact then that when you entered the premises at 220 West Russell you didn't know what you were looking for?

"A   Yes, sir." (by Sergeant Hanson)

Furthermore, he admitted that his searching efforts were concentrated on looking for controlled substances.

"Q  So would it be safe to assume that your searching efforts were concentrated on looking for controlled substances?

"A  Yes, sir." (by Sergeant Hanson)

On the motion to suppress, the circuit court ruled that the drugs and controlled substances seized by Sergeant Hanson be suppressed. We agree.

The sole question for our consideration is whether the evidence seized by Sergeant Hanson was discovered by means of an illegal search.

■ It is a requirement of the Fourth Amendment of the United States Constitution, made applicable to the states through the Due Process Clause of the Fourteenth Amendment by *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, and of the South Dakota Constitution, Art. VI, § 11, that the affidavit upon which a search warrant is issued must particularly describe the place to be searched and the person or things to be seized. In conformance with our Constitution, our statutory form of a search warrant, SDCL 23-15-10, states that the property sought be described with reasonable particularity.

This court stated in *State v. Larkin*, 1972, 87 S.D. 61, 202 N.W.2d 862, and again in *State v. Van Beek*, 1973, 87 S.D. 598, 212 N.W.2d 659 that:

> "It is the general rule that where a search is pursuant to a warrant, the officer making the search cannot seize property other than that which is specifically described in the warrant."

This follows the United States Supreme Court's holding in *Marron v. United States*, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231; *Stanford v. Texas*, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431.

■ However, in *Larkin and Van Beek* we recognized that certain exceptions to this general rule against exploratory searches have evolved and are recognized and applied by the courts. The exception there recognized is stated thus:

"\* \* \* where a police officer while in the course of a lawful search pursuant to a valid search warrant inadvertently uncovers évidence of another crime \* \* the police officer may seize the evidence although it is not described in the warrant."

In cases recognizing this exception, it has been emphasized that before such a seizure will be lawful, the original search must be directed in good faith toward finding the objects described in the search warrant and the police officer must have probable cause to believe the inadvertently discovered evidence was in fact seizable.

■ Sergeant ·Hanson; in the case before us, testified that he did not know the contents of the warrant and had no knowledge of what items were described in said warrant; therefore, his search could not be said to be directed in good faith toward finding the objects described in the warrant. Furthermore, Sergeant Hanson admitted his searching efforts were concentrated on looking for controlled substances. Since controlled substances were not mentioned in the warrant, it follows that Sergeant Hanson was making a general exploratory search on his own for controlled substances and such a search is invalid under the Fourth Amendment of the United States Constitution and the Constitution of this State.

■ The fact that the evidence was in "plain view," as the state contends, does not alter the situation. See *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, wherein it was stated:

> "It is well established that under certain circumstances the police may seize evidence in plain view without a warrant. But it is important to keep in mind that, in the vast majority of cases, *any* evidence seized by the police will be in plain view, at least at the moment of seizure. The problem with the 'plain view' doctrine has been to identify the circumstances in which plain view has legal significance rather than being simply the normal concomitant of any search, legal or illegal." 91 S.Ct. at 2037, 29 L.Ed.2d at 582.

This is no different than the exception recognized by this court in *Larkin* and *Van Beek*, supra, for in order to be in a position to have a plain view of the evidence; the officer must have the right to be in the position to view the evidence and the discovery of the evidence must be inadvertent. When Sergeant Hanson entered the premises herein he did not know what items listed in the warrant he was searching for, and, further, he admitted that he was looking for controlled substances based on prior information. Therefore his discovery of the evidence was neither justified nor inadvertent.

■ In the "plain view" cases, it is a prerequisite of the discovery of the evidence that the police officer in each instance must have a prior justification for an intrusion in the course of which he comes inadvertently across a piece of evidence incriminating the accused. As stated in *Coolidge,* supra:

"The doctrine serves to supplement the prior justification —whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused · * * *."

This exception supplements the prior justification; it does not cure defects of an unlawful search.

This case is distinguished from our recent decision in *State v. Haron,* 1974, 88 S.D. 397, 220 N.W.2d 829, where this court upheld a search of a farm house wherein marijuana was discovered in a cubby hole in the attic where the search was ostensibly being made for a stolen motorcycle. In *Haron* the trial court found that the search warrant was not a pretext for a full scale drug raid. In the instant case, the trial court specifically found that the search was, in fact, a pretext for seeking controlled substances.

We hold Sergeant Hanson was engaged in a general exploratory search for controlled substances and the evidence so seized must be suppressed.

Affirmed.

All the Justices concur.