AFTER REMANDMENT
This Court originally reversed the appellant's conviction, Ala.Cr.App., 340 So.2d 43. We were reversed by the Alabama Supreme Court, Ala., 340 So.2d 52. Following remandment by that Court, we summarily affirmed, on mandate of the Supreme Court, on August 24, 1976, 58 Ala. App., 340 So.2d 55. On rehearing the appellant raises certain points which were raised but not considered by this Court on the original appeal. Since we had concluded that the affidavit was insufficient to support the search warrant, we had pretermitted consideration of other alleged errors. We must now address ourselves to the following issues:
1. Was the misdescription of the premises to be searched of such a magnitude as to make the search warrant invalid?
2. Was it reversible error to allow the officer's affidavit to go to the jury where appellant is charged with possession of amphetamines and the affidavit states that appellant was soonselling amphetamines?
3. On cross-examination, may the prosecutor ask appellant's character witnesses if they knew that appellant had committed specific offenses?
 I
Although there appears to be some misdescription of the premises to be searched, *Page 57 
we do not find this to make the warrant fatal under the circumstances in the instant case.
We have held that the description in a search warrant is sufficient if officers can, with reasonable effort, ascertain and identify the place to be searched. If a prudent officer is able to locate the property definitely and with reasonable certainty from the face of the warrant, the description is sufficient. "The description must be such that any person familiar with the locality can, by inquiring, identify the premises described." Tyler v. State, 45 Ala. App. 155,227 So.2d 442 (1969).
Here, the premises were described in the affidavit attached to the warrant as, "Neugent Truck Stop and/or Lewis Neugent Residence." The search warrant described the residence to be searched as being located, "West of said Neugent Truck Stop on Highway 43, Tuscumbia, Alabama. . . ." The geographical location was set out in the affidavit with sufficient certainty to lead officers there:
 ". . . The truck stop to be searched is reached by traveling South on U.S. Highway 43 from its intersection with U.S. Highway 72 for approximately one to one and one-half miles; the truck stop being located on the West side of U.S. Hwy. 43. . . ."
Although the description was not fully accurate as to the type of construction of the buildings in question, the misdescription was not sufficient to mislead the law enforcement officers. The officers, by following the directions set out in the affidavit and warrant found the premises by proceeding on the highway set out therein the appropriate distance stated. There, they saw a large sign which read, "Neugent's Truck Stop." Therefore, pursuant to Tyler, supra, we believe the description was sufficient.
 II
The trial judge did not conduct a pretrial hearing on the appellant's motion to suppress the fruits of the search. After the jury was impaneled and the trial commenced, the trial judge held a hearing on the motion to suppress, outside the presence of the jury. At that time, witnesses testified as to probable cause for issuance of the search warrant. The affidavit and search warrant were admitted into evidence in the probable cause hearing over appellant's objection that (1) the documents were not properly authenticated; (2) a photostatic copy was not the best evidence; (3) the official capacity of the magistrate was not shown; and (4) the return on the warrant was not dated.
The trial court overruled the appellant's motion to suppress, the jury was returned to the courtroom, and the trial resumed. During the course of the testimony of Officer Cooke, the State again offered the search warrant and supporting affidavit into evidence. Appellant renewed his previous objection thereto. The appellant did not object to the introduction of those documents on the ground of hearsay. However, during closing argument when the District Attorney apparently read from the affidavit, the appellant objected for the first time on the ground that such evidence was hearsay. The following transpired:
 "MR. HUNT: We object to his reading that on the grounds that it is not evidence, it is hearsay.
 "MR. PATTON: It is probable cause to secure a search warrant.
"BY THE COURT: Wasn't that introduced in evidence?
"MR. PATTON: Yes, sir.
"BY THE COURT: If it is evidence, it can be argued.
 "MR. HUNT: We renew our objection on the grounds that the defendant has not had an opportunity to question this informant and to cross examine him on the statement he made.
"BY THE COURT: Overruled."
 A.
It would have been preferable to have had a pretrial hearing on all the appellant's *Page 58 
motions so that hearsay evidence to support probable cause could not get intermingled with primary evidence in the trial. Hearsay evidence may be used in a probable cause hearing to support the issuance of a warrant. Jones v. United States,362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). However, it may not be used as primary evidence to establish guilt during the trial. Tanner v. State, 259 Ala. 306, 66 So.2d 836 (1953);Pierce v. State (Okla.Cr. 1955) 278 P.2d 852. In People v.Silverman, 26 A.D.2d 890, 274 N.Y.S.2d 190 (1966), the Supreme Court of New York, Appellate Division, stated the proper rule:
 "The introduction into evidence of a search warrant is for the sole purpose of demonstrating that the search was lawful, as distinguished from unlawful. It has no probative value in establishing the guilt of the accused. . . ."
In Brinegar v. United States, 338 U.S. 160, 172,69 S.Ct. 1302, 1309, 93 L.Ed. 1879, 1889 (1949), the United States Supreme Court found that there is a great difference between what is required to prove guilt in a criminal case and what is required to show probable cause for a search. In that case, Mr. Justice Jackson stated, in pertinent part:
 ". . . There is a large difference between the two things to be proved, as well as between the tribunals which determine them, and therefore a like difference in the quanta and modes of proof required to establish them.
 "For a variety of reasons relating not only to probative value and trustworthiness, but also to possible prejudicial effect upon a trial jury and the absence of opportunity for cross-examination, the generally accepted rules of evidence throw many exclusionary protections about one who is charged with and standing trial for crime. Much evidence of real and substantial probative value goes out on considerations irrelevant to its probative weight but relevant to possible misunderstanding or misuse by the jury.
* * * * * *
 "The court's rulings, one admitting, the other excluding the identical testimony, were neither inconsistent nor improper. They illustrate the difference in standards and latitude allowed in passing upon the distinct issues or probable cause and guilt. Guilt in a criminal case must be proved beyond a reasonable doubt and by evidence confined to that which long experience in the common-law tradition, to some extent embodied in the Constitution, has crystallized into rules of evidence consistent with that standard. . . .
* * * * * *
 "In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved."
While the better or more efficient procedure may be to hold a pretrial hearing on motions to suppress, we find no prejudicial effect upon the appellant so long as the matter is heard outside the presence of the jury. Childers v. State (1976) 58 Ala. App. ___, 339 So.2d 597. And, further providing that the appellant is not prejudiced by having evidence from the suppression hearing improperly introduced against him during the trial on the merits of the case. However, evidence from a probable cause hearing, which may be inadmissible as primary evidence of guilt, may nevertheless end up before the jury where proper and timely objection is not made by the appellant.
 B.
The State contends that the appellant's objection during oral argument was not sufficiently clear to apprise us of what the prosecutor was doing that was objectionable. It is true that the objecting party must state into the record enough of the remarks of the prosecutor to inform the court as to what was really said and what *Page 59 
was objectionable. McClary v. State, 291 Ala. 481,282 So.2d 384 (1973).
The objection in question here was:
 "We object to his reading that on the grounds that it is not evidence, it is hearsay." (Emphasis supplied.)
Further:
 "We renew our objection on the grounds that the defendant has not had an opportunity to question this informant and to cross examine him on the statement he made."
When the affidavit and warrant were admitted into evidence during the trial, the appellant renewed the objection he raised during the suppression hearing. He did not object on the ground that it was hearsay. The trial judge was not in error in overruling the objection on the grounds specified, although the documents were clearly hearsay and subject to exclusion uponproper objection. Where the appellant made objection on specific grounds when the documents were introduced, all grounds not specified were waived. Roynica v. State,54 Ala. App. 436, 309 So.2d 475, cert. denied 293 Ala. 772,309 So.2d 485 (1974); Rogers v. State, 53 Ala. App. 573,302 So.2d 547 (1974). Proper objection must have been made at the time the evidence was offered. An objection during closing arguments to reading from an exhibit already in evidence comes too late.Walker v. State, 265 Ala. 233, 90 So.2d 221 (1956).
 III
One of appellant's character witnesses was asked by the prosecutor:
 "Q. I will ask you, Mr. Louis, if you knew the defendant, Louis Neugent, was charged with transporting in 1970?"
The court overruled the appellant's objection, and the following occurred:
 "MR. PATTON CONTINUES: Did you know that this defendant plead (sic) guilty to violation of the Prohibition Law on March 3, 1967, in Colbert County Court in Colbert County, Alabama?
"A. I didn't.
 "Q. Would either one of these facts change your opinion as to reputation, if they are facts, as to the reputation of this defendant?
"A. I don't believe it would."
The rule applying to this situation is clearly stated inJohnson v. State, 260 Ala. 276, 69 So.2d 854 (1954):
 ". . . Where a witness testifies as to the general reputation or character of the defendant, the knowledge of the witness as to such reputation or character may be tested on cross examination by asking him if he has not heard of specific acts of bad conduct on the part of the accused. But the witness may not be interrogated as to the fact of such particular acts. . . ." (Emphasis supplied.) (Citations omitted.)
Even though the questions here propounded were improper and the appellant's objections should have been sustained, the trial judge's ruling resulted in no prejudicial error since the answer of the witness was favorable to the appellant. The witness stated that he did not know the appellant had pled guilty to the charge in question, and further that if it was a fact, it would not change his opinion as to appellant's reputation.
Again we quote from Johnson, supra:
 ". . . Furthermore, no prejudicial error resulted to the defendant from the line of questions asked his character witnesses. Each of the witnesses testified that he had not heard of any such conduct on the part of the defendant. The overruling on an objection to a question not answered by the witness or favorably answered to the objector, is not prejudicial error. Stephens v. State, 250 Ala. 123, 33 So.2d 245. But it is insisted that even though the questions were answered favorably to the objector, the very asking of the questions resulted in prejudice in the minds of the jurors toward the defendant. We cannot assent to this position. A matter of this kind is largely in the discretion of the trial court. Snead v. State, 243 Ala. 23 8 So.2d 269. . . ." *Page 60 
We distinguish this decision from our holding in Sexton v.State, 54 Ala. App. 665, 312 So.2d 71 (1975), where the improper question elicited a reply which was prejudicial to that appellant. In the instant case, Johnson, supra, applies, and no error results from the witness' answer which was favorable to the appellant.
APPLICATION FOR REHEARING OVERRULED.
AFFIRMED.
All the Judges concur except CATES, P.J., not sitting.