**STATE of South Dakota, Plaintiff and Appellee,**

v.

**William Lawrence DECKER, Defendant and Appellant.**

No. 13492.

Supreme Court of South Dakota.

Considered on Briefs Feb. 25, 1982.

Decided March 17, 1982.

---

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Richard Braithwaite, Sioux Falls, for defendant and appellant.

DUNN, Justice.

Defendant William Lawrence Decker appeals from a jury verdict finding him guilty of robbery in the first degree and grand theft. We affirm the judgment.

Shortly after 1:00 a. m. on February 18, 1981, a man wearing blue denim jeans, a denim jacket, and black shoes or cowboy boots, with a paper sack mask over his head, entered the Sub Shop in Sioux Falls, South Dakota. He pulled a gun from his pocket, pointed it at the employee on duty and indicated he wanted the money from the cash register. The employee handed him approximately $560.00 in cash and checks, including one $50.00 bill and twenty-five $1.00 bills clipped together. The robber then fled.

A few minutes later, defendant was observed riding as a passenger in an automobile one-half mile from the vicinity of the robbery. About 1:30 a. m. the automobile was stopped and the two occupants were searched. $479.00 in cash was found on the driver, Merlyn Halberg, including one $50.00 bill and twenty-five $1.00 bills clipped together. A gun was found under the passenger seat of the automobile. Defendant was wearing blue denim jeans, a denim jacket and black shoes. The two men were arrested. Subsequently, a search warrant for the automobile was issued and a paper sack mask was discovered crumpled in a twelve-pack beer case setting on the front seat of the automobile.

Defendant contends that there was insufficient foundation laid to warrant admitting into evidence a pair of blue denim jeans, a denim jacket and a pair of black shoes. We disagree. If the objects are readily identifiable because of their own characteristics, and their composition makes them relatively impervious to change, they may be admitted on testimony identifying them as the objects involved in the incident, if the witness can also testify that they are in substantially unchanged condition. *State v. Serl*, 269 N.W.2d 785 (S.D.1978). This court has also held that "so long as the proof renders reasonable the inference that the evidence was connected with the defendant or the crime charged the evidence is admissible." *State v. Pieschke*, 262 N.W.2d 40, 45 (S.D.1978); *State v. Pickering*, 88 S.D. 230, 217 N.W.2d 877 (1974).

When measured against these standards, we conclude that the foundation laid was sufficient. Both witnesses of the armed robbery testified that the robber was wearing blue denim jeans, a denim jacket, and black shoes or cowboy boots. Defendant was observed in an automobile about one-half mile from the vicinity of the robbery shortly after its occurrence. A law enforcement officer testified that defendant was wearing blue denim jeans and jacket, a sweater and black shoes at the time of his arrest approximately one-half hour after the robbery. An officer obtained defendant's clothing from the Minnehaha County Jail out of defendant's personal property, tagged them, and stored them in

the police department records until the same officer brought them to the trial. The jury could reasonably have inferred that the clothes marked as an exhibit were the clothes worn by defendant on the night in question.

Defendant contends that the chain of custody of the paper sack mask was not sufficient to allow its introduction into evidence. We disagree. At the time of defendant's arrest, his automobile was briefly searched. The officer who searched the automobile seized a gun from underneath the passenger seat. He testified at trial that he did not observe a beer case on the front seat of the automobile. A second officer testified that the police department follows a procedure of leaving one officer with a stopped automobile until the automobile is towed, however, he could not recall which officer stayed with the automobile. A third officer conducted a thorough search, under a warrant, of the automobile twelve hours later. The automobile doors were unlocked, but the automobile was located inside a locked garage. During his search, he discovered a crumpled paper sack mask in a twelve-pack beer case on the front seat of the automobile. Halberg, who was driving defendant's automobile prior to the arrest, testified that a beer case was on the front seat of the automobile.

Where relatively indistinguishable items or items susceptible to alteration by mistaken substitution or tampering are offered into evidence, a chain of custody must be shown with sufficient completeness to make it improbable that the original item has been tampered with or altered. *State v. Robinette*, 270 N.W.2d 573 (S.D.1978); *State v. Serl, supra; State v. Herman*, 253 N.W.2d 454 (S.D.1977). The "chain of custody" rule is to insure that the real evidence offered is that which was seized and that it is in a substantially unchanged condition. *State v. Robinette, supra; State v. Serl, supra*. The circumstances surrounding the preservation and custody of the evidence must be examined by the trial judge to determine whether, in all reasonable probability, the item offered is the item seized

and is substantially unchanged. The State must show with reasonable probability that no tampering or substitution has occurred, but it need not negate every possibility of tampering or substitution. *State v. Robinette, supra; State v. Herman, supra; State v. Christmas*, 83 S.D. 506, 162 N.W.2d 125 (1968). The evidence here supports the conclusion that it was reasonably probable that the sack mask offered was that which was seized and that it was substantially unchanged.

Defendant asserts that the trial court erred when it permitted the State to reopen its case to allow Halberg to testify. The transcript indicates that outside of the presence of the jury and during the presentation of the State's case-in-chief, the State informed the trial court and defendant that Halberg might be called to testify depending on the outcome of plea negotiations. Plea negotiations were not completed that day and the State rested its case.

The next morning, prior to the presentation of any evidence by defendant, the State moved to add Halberg's name on the information and to call him as a witness in its case-in-chief. The State informed the trial court that Halberg would testify as to what happened the evening the robbery took place. The trial court granted the motion but required defendant to decide whether he would put on a case before allowing the State to call Halberg. Defendant waived oral argument, called three character witnesses and then recalled a previous State's witness. Another conference was held outside of the presence of the jury. The trial judge then allowed the State to call Halberg as a witness and allowed defendant to rest subject to reopening after the conclusion of Halberg's testimony to call either Halberg or defendant as witnesses.

Defendant states that the customary order of trial as set forth in SDCL 23A–24–2 can only be deviated from upon a showing of good reason, the furtherance of justice, or to correct an evident oversight. Defendant claims that the State failed to meet this requirement. In a criminal ac-

tion, the trial court in its sound discretion and for good reasons may change the order of trial and argument. SDCL 23A–24–3; *State v. Hickey,* 287 N.W.2d 502 (S.D.1980). *See also State v. Larkin,* 87 S.D. 61, 202 N.W.2d 862 (1972). Halberg was not available to testify until the plea negotiations were completed. Both the trial court and defendant were informed that Halberg might be called as a witness to testify regarding the events of the evening in question. The plea negotiations were completed after the State had rested its case-in-chief. In light of the interests of justice and the good reasons specified by the State regarding its inability to call Halberg as a witness during its case-in-chief, the trial court did not abuse its discretion in changing the order of trial.

■ Defendant contends that the trial court erred in not granting his motions for judgment of acquittal because of insufficiency of the evidence. We disagree. The trial court must consider the evidence in the light most favorable to the nonmoving party when ruling on a motion for judgment of acquittal and give the nonmoving party the benefit of all reasonable inferences in their favor. *State v. Gallegos,* 316 N.W.2d 634 (S.D.1982); *State v. Vogel,* 315 N.W.2d 321 (S.D.1982). A motion for judgment of acquittal is properly denied if the State has introduced evidence upon which, if believed by the jury, they may reasonably find defendant guilty of the crime charged. *State v. Miller,* 313 N.W.2d 460 (S.D.1981); *State v. Myott,* 246 N.W.2d 786 (S.D.1976). The State may prove all elements of a crime with circumstantial evidence. *State v. Wilson,* 297 N.W.2d 477 (S.D.1980).

■ The State introduced evidence that a man dressed in blue denim jeans, a denim jacket, and black shoes or cowboy boots, with a paper sack mask over his head robbed the Sub Shop. An employee of the Sub Shop, while being held at gunpoint, gave the robber approximately $560.00 in cash and checks, which included one $50.00 bill and a stack of twenty-five $1.00 bills clipped together. Defendant was observed a few minutes after the robbery riding as a passenger in an automobile about one-half mile from the Sub Shop. Within thirty minutes of the incident, the automobile was stopped and the two occupants were searched. Defendant was wearing blue denim jeans, a denim jacket and black shoes. $479.00 in cash was found on the driver, including one $50.00 bill and twenty-five $1.00 bills clipped together. A gun was found under the passenger seat. A subsequent search of the automobile revealed a brown paper sack mask. The evidence submitted by the State was sufficient to find defendant guilty of the crimes of robbery in the first degree and grand theft.

We affirm the judgment of the trial court.

All the Justices concur.