BOWEN, Presiding Judge.
Robert McCrary was indicted and convicted for trafficking in cannabis. Sentence was six years’ imprisonment and a $25,000 fine.
I
At trial, the search warrant was admitted into evidence over the objection of defense counsel that it was “hearsay and prejudicial.” The defendant argues that its admission was especially prejudicial in this case because the large quantity of marijuana on which the trafficking charge was based [210 pounds] was found one hundred yards from his home and near to both his house and another residence, although not actually on the property of either, but on land rented by a hunting club. Approximately one ounce of marijuana was found in the defendant’s residence.
The search warrant only states in effect that Tommy Holt had presented proof to the District Judge that he had probable cause to believe that there was marijuana at the defendant’s residence. The search warrant does not mention any informant. Deputy Holt, the affiant, testified at trial. Before the search warrant was introduced into evidence before the jury, Deputy Holt testified, without objection, that he had obtained a search warrant from Judge Haislip to search the defendant’s residence.
The general rule is that a search warrant or an affidavit is not admissible on the issue of the accused’s guilt or innocence. In Satterwhite v. State, 364 So.2d 359, 361 (Ala.1978), the Alabama Supreme Court held that an “affidavit and search warrant were not admissible at trial to prove a fact in issue.” However, in that case the court also noted that “[a] review of the affidavit and search warrant shows that these papers set forth information received by the affiant police officer from his informant concerning the informant’s observations of drug related activities which occurred at the Brookshire trailer. Hearsay information may serve as a basis for an affidavit, ... However, it may not be used as primary evidence to establish guilt during the trial.” Satterwhite, 364 So.2d at 360 (cita *1201 tions omitted). See also Neugent v. State, 340 So.2d 55, 58 (Ala.Cr.App.), cert. denied, 340 So.2d 60 (Ala.1976), cert. denied, 430 U.S. 969, 97 S.Ct. 1653, 52 L.Ed.2d 361 (1977) (“ ‘The introduction into evidence of a search warrant is for the sole purpose of demonstrating that the search was lawful, as distinguished from unlawful. It has no probative value in establishing the guilt of the accused.’ ”).
“The question as to the validity of a search is a legal question for the trial court to determine on evidence heard in camera. ... Once the State proved the legality of the search and seizure before the trial judge, it was not necessary to present that same predicate to the jury.” Sheffield v. State, 392 So.2d 1233, 1237 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1237 (Ala.1981). A search warrant or affidavit should never be admitted to establish the truth of the facts or statements recited therein when such recitals relate to the offense charged. McClellan v. State, 452 So.2d 909, 910-11 (Ala.Cr.App.1984).
The improper admission of a search warrant and even the affidavit upon which it issued may constitute harmless error in the absence of prejudice or injury to the accused. 24B C.J.S. Criminal Law § 1915(16) at p. 112-114 (1962). See also McClellan, 452 So.2d at 911.
In this case, we find that the admission of the search warrant, which contained no statement of any informant, if error, was only harmless error.
“The search warrant ... should not have been received in evidence, but under the evidence in this case we do not believe that that error should be considered by us to assume the dignity of reversible error. We do not feel that we would be warranted in reversing this case for the reasons assigned, especially considering that there was unobjected to evidence in the record to fully prove the People’s case, and that the objected to evidence was just cumulative.” People v. Pankey, 349 Ill.App. 303, 307, 110 N.E.2d 683, 685 (1953).
See also State v. Johnson, 49 S.D. 572, 207 N.W. 539 (1926).
II
The defendant argues that the affidavit in support of the search warrant fails to satisfy the veracity-prong test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), because the affidavit only states that “[pjrobable cause consists of information from a confidential reliable informer who has provided confidential reliable information within the past six months on cases of this type.”
Even if the affidavit does not satisfy the veracity prong of Aguilar-Spinelli, the affidavit satisfies the totality-of-the-circumstances test of Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), which abandoned the rigid Aguilar-Spinelli test. The affidavit states that the affi-ant, Jackson County Deputy Sheriff Tommy Holt, “did see marijuana outside the residence of Robert McCrary within the past twenty-four hours.” “Statements by law enforcement officials based upon personal observation ... are entitled to a presumption of reliability.” United States v. Reed, 700 F.2d 638, 642 (11th Cir.1983).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.