We granted certiorari to review the opinion of the Court of Criminal Appeals, 500 So.2d 1199, to determine whether that court correctly held that admitting into evidence the search warrant used to search the Defendant's premises was harmless error.
The pertinent facts are these: The Defendant was convicted of trafficking in cannabis and was sentenced to six years' imprisonment and fined $25,000. During the search authorized by the warrant, one ounce of marijuana was found in Defendant's home, and 210 pounds was found at a neutral site between the Defendant's residence and another residence. The Defendant was charged with possession of the 210 pounds as well as the one ounce actually found in his home.
The trial judge, over defense counsel's objection, allowed the search warrant into evidence. The Defendant appealed, contending that the admission of the search warrant was reversible error. The Court of Criminal Appeals affirmed, but in its opinion acknowledged that admitting the warrant to prove a material element of the crime was improper. As that court succinctly stated, "The general rule is that a search warrant or an affidavit is not admissible on the issue of the accused's guilt or innocence," citing Satterwhite v. State, 364 So.2d 359
(Ala. 1978). The opinion goes on to cite Neugent v. State340 So.2d 55, 58 (Ala.Crim.App. 1976), cert. denied, 340 So.2d 60
(Ala. 1976), cert. denied, 430 U.S. 969, 97 S.Ct. 1653,52 L.Ed.2d 361 (1977), which quotes from People v. Silverman,26 A.D.2d 890, 274 N.Y.S.2d 190 (1966):
 "The introduction into evidence of a search warrant is for the sole purpose of demonstrating that the search was lawful, as distinguished from unlawful. It has no probative value in establishing the guilt of the accused."
The State argues that its intent was only to establish the validity of the search and that under Adair v. State,53 Ala. App. 251, 298 So.2d 671 (Ala.Cr.App. 1974), admission of the warrant was necessary. However, as the Court of Criminal *Page 1203 
Appeals has clearly stated, "The question as to the validity of a search is a legal question for the trial court to determine on evidence heard in camera." Sheffield v. State,392 So.2d 1233, 1237 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 1237
(Ala. 1981). Therefore, we hold that admission of the warrant was improper and constituted error.
The question now becomes whether the error was harmless error or reversible error. The Court of Criminal Appeals held that the error was harmless. Its rationale was that, because there was other evidence to support the State's case, admission of the illegal evidence did not injure the Defendant. Yet, inHubbard v. State, 283 Ala. 183, 215 So.2d 261 (1968) (sentence of death vacated and cause remanded on other grounds, Hubbardv. Alabama, 408 U.S. 934, 92 S.Ct. 2851, 33 L.Ed.2d 747 (1972); on remand, 290 Ala. 118, 274 So.2d 298 (1973), this Court held that "[a]lthough there may have been sufficient legal evidence upon which the jury based its verdict, we cannot presume that illegal evidence did not permeate the verdict. . . . The test is not whether the illegal evidence influenced the jury, but whether it might have unlawfully influenced the jury in the verdict returned." Hubbard v. State, 283 Ala. at 185,215 So.2d at 263.
In the present case, the primary harmful evidence as to the Defendant's possession of the 210 pounds of marijuana upon which the trafficking charge is based is the Defendant's possession of the one ounce of marijuana found in his home. The improper admission of the search warrant put before the jury the fact that prior to the search a district judge was convinced that there was probable cause to believe that the Defendant had marijuana at his residence. This evidence was likely to influence the jury in its determination of the Defendant's guilt or innocence, and this Court cannot know for certain that it did not. The argument that there was other evidence before the jury sufficient to prove the State's case is not persuasive.
The judgment of the Court of Criminal Appeals is reversed, and the cause remanded to that court with instructions to set aside the conviction and sentence and order a new trial.
REVERSED AND REMANDED.
All the Justices concur.